## BOWLES, Administrator, Office of Price Administration, v. ANGELO.

### No. 11707.

Court of Civil Appeals of Texas. Galveston.

June 21, 1945.

Thomas I. Emerson, Deputy Administrator for Enforcement, Fleming James, Jr., Director, Litigation Division, Abraham

Glasser, Sp. Appellate Atty., and Samuel L. Cohen, Atty., Office of Price Administration, all of Washington, D. C., David B. Love, Regional Litigation Atty., Dallas Regional Office, of Dallas, and Ansel M. Kahn, of Houston, for appellant.

A. Milton Vance, of Houston, for appellee.

CODY, Justice.

This is an appeal by Chester Bowles, Administrator, Office of Price Administration, from the action of the court sustaining certain special exceptions to his petition, and dismissing same when he declined further to amend.

In his petition the Administrator complained of the defendant, Mary C. Angelo, doing business as "Angelo's Cafe", for exceeding restaurant ceiling prices and for failing to post ceiling prices, in violation of the Emergency Price Control Act as amended, (56 Stat. 23, 50 U.S.C.App.Sup., 11, 50 U.S.C.A.Appendix § 901 et seq.), and of certain regulations issued pursuant thereto. The relief asked for was a permanent· injunction. Sec. 205(a) of the Act is the authority relied on by the Administrator for bringing his suit for a permanent injunction in the district court. Such section reads: "Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the *appropriate* court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond." (Emphasis ours).

Sec. 205(c) provides: "The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act, and, concurrently with the State and Territorial courts, of all other proceedings under section 205 of this Act. * * No costs shall be assessed against the Administrator or the United States Government in any proceeding under this Act."

The judgment rendered by the court reads in part:

" * * * and it,

"Appearing to the court that this court is not required to take jurisdiction of this suit, and that the Legislature of the State of Texas has not made appropriate provision for this court to entertain a suit of this nature and that the jurisdiction of the court does not affirmatively appear from the allegations of plaintiff's petition, it is therefore

"Ordered, Adjudged and Decreed that the special exceptions contained in paragraphs 1 and 2 of defendant's original answer herein be and they hereby are sustained, to which action, ruling and order the plaintiff * * * excepted."

The paragraphs 1 and 2 of defendant's answer thus referred to in the judgment read:

"I.

"The defendants except to the plaintiff's original petition heretofore filed herein on the ground that said petition does not show that the court has jurisdiction of this cause, and that there are no sufficient facts alleged in plaintiff's petition from which it is made to appear that the amount in controversy herein is one of which District Courts have jurisdiction, and it does not appear from said petition whether the jurisdiction of this cause is properly in this court or in the County Court at Law of Harris County, Texas, of which special exception defendant prays judgment of the court.

"II.

"Defendant specially excepts to plaintiff's petition because it appears from the face of said petition that this court has no jurisdiction to grant the writ of injunction prayed for herein, because injunction sought is not of that kind which the courts of this State, by the provisions of Article 4642, Revised Civil Statutes of 1925, are authorized to issue, in that the statutes in effect provided for the issuance of injunction where same is required to protect the jurisdiction of the court, where same is required by the general principles of equity regarding the issuance of injunctions, and where 'the applicant shows himself entitled thereto under * * * the provisions of the statutes of this state * * *', and the injunction sought herein is not for the purpose of protecting the jurisdiction of the court, nor one which could be granted under general equity principles, nor one authorized by the statutes of the State of Texas, and the only purported authority for the issuance of the

injunction prayed for herein is to be found in the Federal Statutes, and Congress is not authorized to enlarge the jurisdiction of the State courts of the State of Texas by legislation, and in the absence of legislation by the Legislature of the State of Texas, of which special exception defendant prays judgment of the court."

The principal question presented by this appeal is whether the district court correctly held that it was without jurisdiction.

## Opinion.

In our opinion the court did have the jurisdiction invoked by the Administrator, and the trial court erred in declining to exercise it.

There is no such thing in Texas as a legal or substantive right without a legal remedy to vindicate such right, and a court with jurisdiction to which application for such remedy can be made. The district court possesses all residuary jurisdiction. That is, if the jurisdiction necessary to relieve against a wrong is not to be found in the specific grants of jurisdiction to the justice or the county court, then it has either been specifically granted to the district court, or conferred upon that court in the grant to it of all residuary jurisdiction.

"The District Court shall have original jurisdiction * * * of all suits * * * when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest; * * * and said court and the judges thereof, shall have power to issue writs of * * * injunction * * * *and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law.*" (Emphasis ours.) Sec. 8, Art. 5, Texas Constitution, Vernon's Ann.St.

Since the cause of action exhibited by the petition of the Administrator is one involving the issuance of an injunction, the justice court is not an "appropriate" court to which to apply, as it is powerless to issue injunctions. Elimination of the justice court leaves the county court and district court as the remaining courts of the first instance, to be examined as to whether the petition stated a cause of action within their jurisdiction.

"The County Court * * * shall have exclusive jurisdiction in all civil cases when the matter in controversy shall exceed in value $200 and not exceed $500, exclusive of interest, * * * and the County Court, or judge thereof, shall have power to issue writs of injunctions * * to the enforcement of the jurisdiction of said Court * * *." Sec. 16, Art. 5, Tex.Const.

From the language of the Constitution just quoted it appears that in order for a cause of action to come within the exclusive original civil jurisdiction of the county court, the matter in controversy must have a pecuniary value, and which must be between $200 and $500. The matter placed in controversy by the Administrator's petition was not subject to valuation in terms of money. He did not sue to recover any sum of money, or to affect any interest which he claimed in any property. It appears upon the face of his petition that the jurisdiction of his suit was not determinable upon the basis that the matter in controversy was subject to valuation in terms of money.

The defendant denies that this is a case in which no jurisdictional amount is involved in the controversy. She points out that the Administrator's complaint is that she is offering for sale, and selling various commodities at more than the ceiling price. The Administrator also complains that she failed to post the price list showing the ceiling prices in her establishment. And she makes the contention that, because the offense with which she is charged subjected her to a suit for penalties by way of damages, the schedule of which is set forth in the Act, the matter in controversy is necessarily the amount for which the Administrator could have sued, had he elected to sue for penalties instead of for an injunction to prevent her from violating the Act.

Had the Administrator elected to sue for penalties then of course the amount of the penalties sued for would have determined the court in which he must bring suit. But he did not sue for penalties, and penalties are not the matter in controversy. He might have certified the facts to the Attorney General, and defendant might have been fined $5,000, but he did not. What the Administrator might have done, but did not do, is not to the purpose. The Administrator was also seeking to have the

694

defendant post the prices according to regulations, and he had the right to force such compliance. It is obvious that the right to force the posting of the ceiling prices cannot be measured in terms of money. That right is on the same footing with his right to force compliance with respect to charging prices above ceiling.

 It is thus manifest from the face of the petition that neither the justice nor the county court had jurisdiction to try the controversy which was exhibited by the petition. It is further clear that the petition stated a Federally-created cause of action. The Act creating the cause of action, being enacted pursuant to the United States Constitution, is the supreme law of the land, and binding on state courts and judges. U. S. Constitution, Art. VI, Clause 2. That cause of action may be enforced by the Administrator in any court of Texas which had jurisdiction to try it.

It was said in Claflin v. Houseman, 93 U.S. 130, 136, 23 L.Ed. 833: "The United States is not a foreign sovereignty as regards the several states, but is a concurrent, and, within its jurisdiction, paramount sovereignty. Every citizen of a State is a subject of two distinct sovereignties, having concurrent jurisdiction in the State, —concurrent as to place or persons, though distinct as to subject-matter. Legal or equitable rights acquired under either system of laws, may be enforced in any court of either sovereignty competent to hear and determine such kind of rights and not restrained by its constitution in the exercise of such jurisdiction."

The district court has such general jurisdiction that, if any litigant has a cause of action good in law or equity, and it be made to appear that neither the justice nor county court has jurisdiction to try it, it necessarily follows that the district court has such jurisdiction.

The defendant contends that the cause of action is penal in the international sense, and if the district court has jurisdiction it will not enforce a penal statute of another sovereignty, citing Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L. Ed. 1123. We disagree with such contention. The suit was brought to deter the defendant from committing a public wrong. Hecht Co. v. Bowles, Administrator, 321 U.S. 321, 64 S.Ct. 587, 592, 88 L.Ed. 754. But the suit did not seek to punish an offense against the sovereignty of the United States. There was no attempt to enforce the penal (in the international sense) provisions of the Act.

Defendant points out that the Act upon its face provides that the Administrator shall not pay costs, and that he therefore cannot sue in a Texas court. This is not a point which goes to the jurisdiction of the court. The Administrator can be heard on this point in the trial court if he is there ruled for costs. He contends here he is authorized to pay costs.

The judgment is reversed and the cause remanded for trial in conformity with this opinion.

Reversed and remanded.