**John JOSEY, et al., Appellants,**

v.

**The TEXAS REAL ESTATE COMMISSION, Appellee.**

**No. 01–90–00535–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 21, 1990.

Jim Wiginton, Alvin, for appellants.

Jim Mattox, Atty. Gen., Mary F. Keller, First Asst. Atty. Gen., Lou McCreary, Executive Asst. Atty. Gen., James C. Todd, Chief Gen. Litigation Div., and George Warner, Asst. Atty. Gen., for appellee.

Before DUGGAN, COHEN and PRICE[1], JJ.

OPINION

DUGGAN, Justice.

This is an appeal by judgment creditors from a district court order in favor of the Texas Real Estate Commission (the "commission"), denying the judgment creditors' application for payment from the Real Estate Recovery Fund. TEX.REV.CIV.STAT. ANN. art. 6573a, § 8[2].

Appellants, John and Kathy Josey, individually and as next friend of their children, complain of the order entered at a hearing after they obtained a $25,000 judgment in an underlying suit against Creative Developers, Inc., Developers Manufactured

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Real Estate License Act, ch. 572, § 4, 1983 Tex.Gen.Laws 3416, 3427, *amended by* ch. 169, § 7, 1989 Tex.Gen.Laws 561, 569.

Housing, Inc., and Robert K. Frantz, on January 4, 1989.

On February 20, 1985, the Joseys sued the three judgment defendants and Martin P. Mintzer, alleging fraud, misrepresentation and deceptive practices, and seeking actual damages for acts committed by all of the defendants. At the time the Joseys' underlying cause of action accrued, Mintzer was the only defendant licensed by the commission. Before trial, the trial court dismissed Mintzer individually because his liability to the Joseys had been discharged in bankruptcy. It is undisputed that the Joseys knew of Mintzer's pending bankruptcy action, but did not file a complaint in the bankruptcy court alleging themselves to be victims of false pretenses, false representations, or actual fraud, such as would have permitted them to obtain a determination that Mintzer's debt to them was not dischargeable. 11 U.S.C. § 523(a)(2), (c) (1986).

On January 4, 1989, the Joseys obtained judgment against the three remaining defendants for $25,000. However, none of these judgment debtors were licensed by the commission at the time the underlying action accrued.

On May 31, 1989, the Joseys filed an application in the district court in which the judgment was entered for an order directing payment from the Real Estate Recovery Fund. The commission responded that the Joseys had not complied with the statutory requirements for recovery from the fund because they had not shown that any of the judgment defendants were licensed by the State of Texas at the time the underlying action accrued. Thus, the commission urged, payment should be denied. After a hearing on June 28, 1989, the trial court entered an order denying the Joseys' application to pay the underlying judgment from the recovery fund.

█ In their sole point of error, the Joseys contend the trial court erred in denying their application for payment of funds from the Real Estate Recovery Fund because the trial court failed to find their claim was unjust or spurious.

Section 8, Part 1(a) of the Real Estate License Act established the Real Estate Recovery Fund, to reimburse parties who have suffered actual damages from certain acts committed by licensed real estate brokers or salesmen, or their unlicensed employees or agents.

Section 8, Part 1(a) provides, in pertinent part:

The fund shall be used in the manner provided in this section for reimbursing aggrieved persons who suffer actual damage by reason of certain acts committed by a duly licensed real estate broker or salesman, or by an unlicensed employee or agent of a broker or salesman, *provided the broker or salesman was licensed by the State of Texas at the time the act was committed and provided recovery is ordered by a court of competent jurisdiction against the broker or salesman.*

(Emphasis added.)

The Act sets forth specific procedural requirements for recovery from the fund. A party who obtains an uncollectible judgment against a licensed real estate broker or salesman may file a verified claim in the court in which the judgment was rendered and, upon notice to the commission and the judgment debtor, apply for an order directing payment out of the fund. Section 8, Part 3(b). A hearing is then conducted on the application at which the commission is authorized to appear for the limited purpose of protecting the fund from spurious or unjust claims or to insure that the requirements for recovery have been complied with. At this hearing the claimant is required to show, among other things, that the prior judgment is against a licensed real estate broker or salesman, that the damages were caused by an act of the broker or salesman or his unlicensed agent or employee, and that the act related to the licensee's "misrepresentation or dishonest or fraudulent action." Section 15(a)(3).

Appellants contend that the Commission is only authorized to protect the fund from spurious or unjust claims and that there has been no such contention in this in-

stance. Section 8, Part 5 of the Act provides:

> When the real estate commission receives notice of entry of a final judgment and a hearing is scheduled under Part 3(d) of this section, the commission may notify the Attorney General of Texas of its desire to enter an appearance, file a response, appear at the court hearing, defend the action, or take whatever other action it deems appropriate.... In taking such action the real estate commission and the attorney general shall act only to protect the fund from spurious or unjust claims *or to insure compliance with the requirements for recovery under this section.*

(Emphasis added.)

This language allows the commission to intervene not only to protect the fund from "spurious or unjust claims", but also to make sure the prerequisites for recovery from the fund have been met. *Texas Real Estate Comm'n v. Nagle,* 767 S.W.2d 691, 694 (Tex.1989). In this case the prerequisites for payment were not met because judgment was not rendered against a licensed real estate broker.

 Appellants further argue that they are entitled to recover since they suffered monetary loss as a result of fraudulent conduct on the part of Robert Frantz, Mintzer's unlicensed employee or agent. However, Section 8, Part 1(a) restricts disbursements from the recovery fund to aggrieved persons who have obtained an underlying judgment against a licensed broker or salesman, or an unlicensed employee of a licensed broker or salesman.

A judgment against the licensed broker or salesman, whether for his individual conduct or, under *respondeat superior,* for the conduct of his unlicensed employees or agents, is clearly required by the enforcement mechanisms of the Act. Section 8, Part 3(e) provides that when any amount is paid from the recovery fund toward satisfaction of a judgment against a licensed real estate broker or salesman, that broker's or salesman's license may be revoked, and the broker or licensee is not eligible to receive a new license until he has reim-

bursed the fund in full for the amount paid, plus interest at the legal rate. As a condition of payment, Section 8, Part 6 provides, in pertinent part, that the commission be subrogated to all of the judgment creditor's rights to the extent of the amount paid, and that the judgment creditor "assign all his right, title, and interest in the judgment up to the amount paid by the commission which amount shall have priority for repayment in the event of any subsequent recovery on the judgment."

Because the Joseys failed to obtain a judgment against a licensed real estate broker, the trial court properly denied their application for payment from the Real Estate Recovery Fund.

We overrule appellants' sole point of error and affirm the judgment.