CV4-311 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00311-CV







Jay Williamson, Appellant



v.



William H. Armstrong, II, Trustee of the M. D. Bryant Family Trust, Don Dorsey

and James F. Ridge, Appellees






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CV88-0674-A, HONORABLE DICK ALCALA, JUDGE PRESIDING







PER CURIAM



 Jay Williamson appeals from the order of the district court that, in a post-judgment
proceeding, awarded payment to appellees from a guarantee fund, the Real Estate Recovery Fund
(the "Fund"). (1) Appellant brings two points of error, contending that the trial court erred in
ordering payment from the Fund because no evidence supports the required fact findings; and,
even if an award were justified, the court erred in the amount awarded. We will affirm the trial-court judgment.

Background


 This controversy arises out of a partnership formed in February 1987 to invest in
Travis County real estate. Jay Williamson and Ben Lacy were general partners. Appellees,
William H. Armstrong, II, as trustee of the M.D. Bryant Family Trust, Don Dorsey and James
Ridge, were limited partners. Williamson and Lacy made no cash contribution to the partnership;
each was to have a twenty percent interest in the partnership as compensation for his efforts. The
partnership purchased several properties from October 1986 to March 1987. At some point, the
limited partners received documents that convinced them that Williamson and Lacy had
improperly collected commissions from the financial institutions selling the properties and
improperly collected a management fee. Eventually, appellees sued Williamson and Lacy. The
court rendered judgment in favor of the limited partners, awarding rescission of the partnership
agreement and monetary damages, for which Williamson and Lacy were jointly and severally
liable.

 Williamson and Lacy each filed for bankruptcy. The bankruptcy court found the
debt non-dischargeable; nevertheless, appellees were unsuccessful in collecting on their judgment
from either Williamson or Lacy. Appellees then initiated post-judgment proceedings under the
provisions of the Real Estate License Act that allow recovery from a special fund established to
compensate holders of uncollectible judgments.



The Real Estate Recovery Fund


 The Real Estate License Act (the "Act") established the Real Estate Recovery Fund,
which the Real Estate Commission (the "Commission") administers. Tex. Rev. Civ. Stat. Ann.
art. 6573a (West Supp. 1995). Under the Act, a person who has an uncollectible judgment against
a licensed real estate broker (2) may, after notice to the Commission and the judgment debtor, apply
to the trial court that rendered the underlying judgment for an order directing payment out of the
Fund. Act, § 8(e); Texas Real Estate Comm'n v. Nagle, 767 S.W.2d 691, 693 (Tex. 1989); Josey
v. Texas Real Estate Comm'n, 801 S.W.2d 200, 201 (Tex. App.--Houston [1st Dist.] 1990, no
writ). The trial court must hold a hearing on the application for recovery from the Fund. Act,
§ 8(f); Nagle, 767 S.W.2d at 693. The Commission may attend the hearing to protect the Fund
from spurious or unjust claims and to ensure compliance with the requirements for recovery. 
Nagle, 767 S.W.2d 695. Further, the licensee against whom the judgment was had may
participate in the hearing on the application for recovery from the Fund. Gamble v. Norton, 893
S.W.2d 129, 132 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 At the hearing, the applicant must show: (1) the judgment is based on facts
allowing recovery under the Act, that is, the underlying judgment is against a licensee who caused
the applicant's damages while acting as a broker or agent by an act that violated Section 15(a)(3)
or (6) of the Act; (2) the applicant is not the judgment debtor's spouse, spouse's personal
representative, or a real estate broker or agent seeking to recover a commission; (3) the applicant
has obtained a judgment that is not subject to a stay or discharge in bankruptcy; (4) based on the
best available information, the judgment debtor lacks sufficient attachable assets to satisfy the
judgment; and (5) the amount that may be realized from the sale of any assets liable to be sold and
applied in satisfaction of the judgment and the balance remaining due after application of the
amount that may be realized. Act, § 8(f)(1-5).



Preliminary Matters


Second of Two Hearings

 This appeal arises from the second of two post-judgment proceedings based on the
underlying judgment against Williamson and Lacy. Recovery from the Fund appears to proceed,
or be authorized to proceed, on a licensee-by-licensee basis. Appellees first sought to recover
from the Fund based on Lacy's misconduct as a licensee. They recovered $50,000 from the Fund,
which still left a balance owing on the judgment. Neither Lacy nor the Commission sought to
appeal from the order awarding recovery from the Fund based on Lacy's misconduct as a licensee.

 Appellees were unable to collect the remaining balance on the judgment from
Williamson. Appellees then sought recovery from the Fund for the uncollectible balance on the
judgment in a second post-judgment proceeding, now based on Williamson's misconduct as a
licensee.



Standing

 At first glance, Williamson's standing to participate in the hearing on the
application to recover from the Fund is not clear because that proceeding is to recover money
directly from the Fund, not from him as the licensee. A recent case has specifically addressed this
issue and held that a licensee had standing. In Gamble v. Norton, 893 S.W.2d 129, 132 (Tex.
App.--Houston [1st Dist.] 1995, no writ), the applicant for recovery from the Fund contended that
the licensee against whom the underlying judgment was rendered had no legal or equitable interest
in the proceeding against the Fund. Id. The court noted that the proceeding to recover from the
Fund was not a distinct lawsuit separate from the underlying action against the licensee but rather
a post-judgment hearing at which the Commission has the opportunity to appear to defend the
Fund against the claim. Id. The court said that the Act presumes that the licensee already is part
of the underlying suit and will participate in the post-judgment hearing, relying on the provision
for notifying the licensee of the hearing as indicating the Legislature's desire to have the licensee
participate. (3) Id. We will follow the Gamble case and hold that Williamson had standing.



Judicial Notice

 On appeal, appellees attempted to supplement the record of the post-judgment
hearing involving Williamson's misconduct with the statement of facts and exhibits from the
earlier post-judgment hearing involving Lacy's misconduct. (4) They contend that the trial court
took judicial notice of these items. The record, however, does not support their contention. 
Appellees did not request that the trial court take notice of the statement of facts from Lacy's
hearing. Appellees asked the court to take judicial notice that the same transactions were at issue
in both post-judgment proceedings, which is not the same as asking for the trial court to take
judicial notice of the record from the earlier hearing.

 Further, Williamson did not participate in the post-judgment proceeding involving
Lacy, nor did the Commission represent Williamson's interests. If we review the tendered
statement of facts, the attorney for the Commission stated that the only purpose of the hearing was
to allow Lacy the opportunity to defend against recovery because the Fund did not oppose
payment. (5) The effect of taking judicial notice of the statement of facts from Lacy's hearing would
in essence be to admit in the current proceeding against Williamson evidence that had not been
subject to cross-examination or objection by the party against whom the evidence would be used.



Effect of Underlying Judgment

 The underlying judgment against Williamson has a binding effect on him in the
post-judgment hearing. In Nagle, 767 S.W.2d at 694, the court held that the judgment and
findings of fact and conclusions of law in the underlying proceeding did not bind the Commission
in the post-judgment recovery proceeding because the Commission had not participated in the
underlying proceeding. Collateral estoppel could not be applied to preclude the Commission from
relitigating any issues because it had never had the opportunity to participate in the underlying
proceeding. Id. Nothing in the record established that the broker adequately represented the
Commission's interest so as to create privity between them. Id. at 695. In this cause, however,
Williamson did participate in the trial of the underlying cause, which resulted in an agreed
judgment based on a stipulation of facts. Therefore, in this hearing to recover from the Fund
based on his misconduct, he should not be allowed to relitigate issues already decided by that
judgment.



The Evidence


 In point of error one, appellant contends that "the trial court erred in granting
judgment under article 6573(a) VACS, as no evidence was placed in the record to sustain vital
findings of fact as set out in the statute." When an appellant attacks the legal sufficiency of an
adverse finding on an issue on which he did not have the burden of proof, he must demonstrate
on appeal that there is no evidence to support the adverse finding. See generally W. Wendell
Hall, Revisiting Standards of Review in Civil Appeals, 24 St. Mary's L.J. 1045, 1132-1135
(1993). In reviewing a "no evidence" point, the appellate court considers only the evidence and
inferences that tend to support the finding, and disregards all evidence and inferences to the
contrary. Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992); Havner v. E-Z Mart Stores,
Inc., 825 S.W.2d 456, 459 (Tex. 1992); Garza v. Alviar, 295 S.W.2d 821, 923 (Tex. 1965). If
there is any probative evidence to support the finding, the point must be overruled and the finding
upheld. Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989); In re King's
Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 A "no evidence" analysis, however, is not completely appropriate in this cause. 
In part, appellees have satisfied some of the elements set out in the Act, section 8(f)(1-5) through
collateral estoppel against Williamson. Further, we must bear in mind that a proceeding to
recover from the Fund is not an ordinary adversarial proceeding. Nagle, 767 S.W.2d at 695. The
Fund is not concerned with protection against all claims, only "spurious and unjust ones." Id. 



Elements of Recovery From the Fund

 Under sub-section 8(f)(1), the applicant must show that the agent or broker
involved was licensed under the Act at the time of the transaction in question and committed
certain acts as a broker in violation of the Act. Williamson argues that, at best, appellees have
established that he was a licensee at the time of the underlying judgment, but not at the time of
the transactions in question. As discussed above, the underlying agreed judgment binds
Williamson. As part of that judgment, Williamson stipulated that he was a licensed real estate
broker. Although that fact stipulation does not use the exact phrase "at the time of the
transaction," a fair reading of such a stipulation in connection with a suit over specific transactions
occurring during a certain time period is that he was licensed during the time at issue. The
judgment also reflects that appellant committed acts, such as taking undisclosed commissions, that
violated the Act, satisfying the second prong of this subsection. Williamson cannot re-litigate the
issues of his status as a broker or that he violated the Act. Cf. Nagle, 767 S.W.2d at 695.

 The applicant must establish that the judgment is not subject to a stay or discharge
in bankruptcy. Act, § 8(f)(3). The court took judicial notice, based on the bankruptcy court
judgment, that the debt was not subject to discharge. Appellant did not object and further
stipulated on the record in the statement of facts that the debt was not subject to discharge. 
Appellees have satisfied this subsection.

 The applicant must establish that the applicant is not the judgment debtor's spouse,
spouse's personal representative, nor a licensee seeking to recover a commission. Act, § 8(f)(2). 
The court so found. Although appellees introduced no direct evidence on this element at the
hearing against Williamson, it is undisputed that Williamson and appellees are males. Texas law
does not authorize same-sex marriages. Therefore, Williamson cannot be a spouse of any
appellee. Appellees have produced more than a scintilla of evidence to satisfy this subsection.

 The applicant must also show, based on the "best available information," that no
assets are available to satisfy the judgment. Act, § 8(f)(4). Appellees offered a writ of execution
returned nulla bona some four years before the hearing. A writ of execution returned nulla bona
is a necessary prerequisite to recovery. Act, § 8(e). The statute does not define "best available
information." We need not decide the meaning in this cause because the writ serves as more than
a scintilla of evidence to support the finding that this subsection is satisfied. Similarly, the
applicant must prove the amount that might be realized from any sale of assets that could be sold
to recover part of the judgment and the balance remaining after the sale. Act, § 8(f)(5). In this
cause, appellees presented more than a scintilla of evidence that there were no assets; that is also
more than a scintilla of evidence that the amount that could be realized from the sale would be
nothing.

 In this cause, appellees have presented evidence that shows that their recovery from
the Fund is not "spurious or unjust." Nagle, 767 S.W.2d at 695. We overrule point of error one. 


Amount of Recovery

 In point of error two, appellant contends that, even if a recovery from the Fund
were authorized, the court erred in the amount awarded because the award exceeded the limit on
the amount that may be recovered based on one transaction. He contends that no evidence
supports the trial court's finding that six transactions occurred.

 At the time in question, the following limits on recovery from the Fund existed: 
(1) payments for claims arising out of the same transaction were limited to $20,000.00 regardless
of the number of claimants; and (2) payments for claims based on judgments against any one
licensed broker were limited to $50,000.00 until the Fund received reimbursement from the
licensee for all amounts paid out. Act of May 25, 1979, 66th Leg., R.S., ch. 585, sec. 3, 1979
Tex. Gen. Laws 1207. (6) One limit is based on the transaction itself; i.e., for any one transaction
a maximum of $20,000.00 may be paid regardless of the amount of the underlying judgment or
how many applicants make a claim based on that transaction. The other limit is based on the
licensee; i.e., a maximum of $50,000.00 may be paid based on any one licensee's misconduct
regardless of the number of transactions involved.

 Appellees previously recovered $50,000.00 based on Lacy's misconduct in multiple
transactions. That recovery still left a balance of over $50,000.00 owing on the judgment, which
resulted in this post-judgment proceeding against appellant. Williamson is bound by the
underlying judgment, which established that he was a licensee and violated the Act. Appellees
did not need to establish a specific number of transactions; just that more than one occurred. The
underlying judgment and fact stipulation consistently use the plural when referring to real estate
transactions: various pieces of property, properties, distressed properties and commissions on
property. The repeated plural references establish that more than one transaction occurred. We
overrule the point of error. 

 Having overruled both of appellant's points of error, we affirm the trial-court
judgment.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: December 6, 1995

Do Not Publish
1. [1]  The Real Estate License Act created the Real Estate Recovery Fund to compensate for
damage from certain acts of licensed real estate brokers and agents. Tex. Rev. Civ. Stat. Ann.
art. 6573a, § 8 (West Supp. 1995). References are to the current version of the Act. The
only material difference between the current Act and the version which governs this appeal is
the maximum allowable amount of recovery, which will be discussed later.
2. [2]  The Act refers to the holder of such a judgment as the "applicant" when recovery from
the Fund is sought.
3. [3]  Under the Act, a payment from the Fund charged against a licensee is a reason for
license revocation. The entire amount of the payment, plus interest, must be repaid to the
Fund to restore the license. Act, § 8(i).
4. [4]  The statement of facts from the first post-judgment hearing involving Lacy was not
transcribed at the time of the second post-judgment hearing involving Williamson.
5. [5]  Lacy did not attend the post-judgment hearing involving recovery based on his
misconduct.
6. [6]  The current limits are $50,000.00 and $100,000.00. Act, § 8(n).



s are available to satisfy the judgment. Act, § 8(f)(4). Appellees offered a writ of execution
returned nulla bona some four years before the hearing. A writ of execution returned nulla bona
is a necessary prerequisite to recovery. Act, § 8(e). The statute does not define "best available
information." We need not decide the meaning in this cause because the writ serves as more than
a scintilla of evidence to support the finding that this subsection is satisfied. Similarly, the
applicant must prove the amount that might be realized from any sale of assets that could be sold
to recover part of the judgment and the balance remaining after the sale. Act, § 8(f)(5). In this
cause, appellees presented more than a scintilla of evidence that there were no assets; that is also
more than a scintilla of evidence that the amount that could be realized from the sale would be
nothing.

 In this cause, appellees have presented evidence that shows that their recovery from
the Fund is not "spurious or unjust." Nagle, 767 S.W.2d at 695. We overrule point of error one. 


Amount of Recovery

 In point of error two, appellant contends that, even if a recovery from the Fund
were authorized, the court erred in the amount awarded because the award exceeded the limit on
the amount that may be recovered based on one transaction. He contends that no evidence
supports the trial court's finding that six transactions occurred.

 At the time in question, the following limits on recovery from the Fund existed: 
(1) payments for claims arising out of the same transaction were limited to $20,000.00 regardless
of the number of claimants; and (2) payments for claims based on judgments against any one
licensed broker were limited to $50,000.00 until the Fund received reimbursement from the
licensee for all amounts paid out. Act of May 25, 1979, 66th Leg., R.S., ch. 585, sec. 3, 1979
Tex. Gen. Laws 1207. (6) One limit is based on the transaction itself; i.e., for any one transaction
a maximum of $20,000.00 may be paid regardless of the amount of the underlying judgment or
how many applicants make a claim based on that transaction. The other limit is based on the
licensee; i.e., a maximum of $50,000.00 may be paid based on any one licensee's misconduct
regardless of the number of transactions involved.

 Appellees previously recovered $50,000.00 based on Lacy's misconduct in multiple
transactions. That recovery still left a balance of over $50,000.00 owing on the judgment, which
resulted in this post-judgment proceeding against appellant. Williamson is bound by the
underlying judgment, which established that he was a licensee and violated the Act. Appellees
did not need to establish a specific number of transactions; just that more than one occurred. The
underlying judgment and fact stipulation consistently use the plural when referring to real estate
transactions: various pieces of property, properties, distressed properties and commissions on
property. The repeated plural references establish that more than one transaction occurred. We
overrule the point of error. 

 Having overruled both of appellant's points of error, we affirm the trial-court
judgment.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: December 6, 1995

Do Not Publish
1. [1]  The Real Estate License Act created the Real Estate Recovery Fund to compensate for
damage from certain acts of licensed real estate brokers and agents. Tex. Rev. Civ. Stat. Ann.
art. 6573a, § 8 (West Supp. 1995). References are to the current version of the Act. The
only material difference between the current Act and the version which governs this appeal is
the maximum allowable amount of recovery, which will be discussed later.
2. [2]  The Act refers to the holder of such a judgment as the "applicant" when recovery from
the Fund