TEXAS REAL ESTATE COMMISSION (TREC), Appellant,

v.

Caryn TREES and Diana "Lynn" Hess, Appellees.

No. 08-14-00091-CV

Court of Appeals of Texas, El Paso.

February 29, 2016

Matthew J. Kita, Dallas, TX, Monty J. Buhrow, Law Offices of Monty J. Buhrow, PLLC, Hurst, TX, for Appellees.

Dennis M. McKinney, Assistant Attorney General, Austin, TX, for Appellant.

Before McClure, C. J., Rodriguez, and Hughes, JJ.

## *OPINION*

YVONNE T. RODRIGUEZ, Justice

The Texas Real Estate Commission (TREC) appeals a county court order compelling it to use monies from the Real Estate Inspection Recovery Fund (the Fund) to compensate Caryn Trees and Diana Hess after they obtained a justice court judgment against a licensed real estate inspector who did not have the funds to satisfy the judgment. In two issues,

TREC asserts that county court lacked subject-matter jurisdiction to compel the payment, and, alternatively, that Trees and Hess failed to plead claims compensable by the Fund. We affirm.

## BACKGROUND

The facts of this case are straightforward. In May 2010, Trees and Hess hired licensed real estate Inspector Randy Cline to inspect a residential property in Hurst, Texas. Cline issued a report, and Trees and Hess ultimately purchased the property. They later sued Cline in Tarrant County Justice Court No. 2 for breach of contract and negligence, alleging he identified some problems with the home, but failed to apprise them of others. The justice court rendered summary judgment in favor of Trees and Hess, ordering Cline to pay $4,304.82 in actual damages, $3,478.68 in attorney's fees, court costs, and post-judgment interest. There is no indication in the record that this judgment was ever appealed or challenged in any way.

Following rendition of summary judgment, Trees and Hess submitted an application in Tarrant County Justice Court No. 2 for indemnity payments from the state Fund because Cline could not satisfy the judgment. They served a copy of their application on TREC, the administrator of the Fund, who opposed payment. The justice court denied Trees and Hess' application for Fund indemnity. They appealed to the Tarrant County Court at Law No. 3.

Following trial *de novo*, the county court rendered judgment in favor of Trees and Hess, ordering TREC to pay indemnity from the Fund for $3,976.00 in actual damages and $6,019.91 in court costs and attorney's fees. TREC appealed. We hear this case on transfer from our sister court in Fort Worth under a docket equalization order from the Texas Supreme Court.

## DISCUSSION

The State of Texas maintains a Real Estate Inspection Recovery Fund "to reimburse aggrieved persons who suffer actual damages from an inspector's act in violation" of the Texas Occupations Code, Chapter 1102, Subchapter G. *See* Tex. Occ.Code Ann. § 1102.351 (West 2012). Such acts include, *inter alia,* "perform[ing] a real estate inspection in a negligent or incompetent manner." Tex.Occ.Code Ann. § 1102.301 (West 2012). To obtain payment from the Fund, "[a]n aggrieved person who obtains a court judgment against an inspector ... may, after final judgment is entered, execution returned nulla bona, and a judgment lien perfected, file a verified claim in the court that entered the judgment." Tex.Occ.Code Ann. § 1102.355(a)(West 2012). "After the 20th day after the date the aggrieved person gives written notice to the commission and judgment debtor, the person may apply to the court that entered the judgment for an order for payment from the fund of the amount unpaid on the judgment." Tex. Occ.Code Ann. § 1102.355(b).

Against this backdrop, TREC raises two appellate arguments. We address them in turn.

### *Jurisdiction*

██ In Issue One, TREC maintains that the county court's order compelling payment from the Fund is void for want of jurisdiction because only the justice court could exercise jurisdiction over a claim against the Fund. We disagree.

### Standard of Review

██ "Subject matter jurisdiction is essential to a court's power to decide a case." *City of Houston v. Rhule,* 417 S.W.3d 440, 442 (Tex.2013)[Internal quotation marks omitted]. "Subject matter jurisdiction presents a question of law we

review *de novo.*" *Id.* We may review jurisdictional issues *sua sponte* for the first time on appeal. *Id.* "A judgment is void if rendered by a court without subject matter jurisdiction." *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 309 (Tex.2010)(orig.proceeding).

■ The justice courts have original jurisdiction over suits involving "civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $10,000, exclusive of interest[.]" TEX. GOV'T CODE ANN. § 27.031(a)(1)(West Supp. 2015). A party seeking to challenge a justice court judgment of $250 or more, exclusive of costs, may appeal to the county court. TEX.GOV'T CODE ANN. § 26.042(e) (West Supp.2015). When sitting as an appellate court on trial *de novo,* the county court's jurisdiction is derivate of the justice court's jurisdiction. *See Murry v. Bank of Am., N.A.,* No. 02–13–00211–CV, 2014 WL 3536577, at *1 (Tex.App.—Fort Worth July 17, 2014, no pet.)(mem.op.)(noting that "a county court conducting a trial *de novo* in an appeal from a justice court is limited to the jurisdiction of the justice court . . .").

In order to obtain payment from the Fund, an aggrieved party must make their claim in "the court that entered the judgment" against the inspector. TEX. OCC.CODE ANN. § 1102.355(a) & (b).

### Analysis

TREC argues that the order directing payment from the Fund was void *ab initio* because "the court that entered the judgment" in this case was the justice court, while the court that issued the post-judgment order was the county court. We note two flaws with TREC's arguments.

First, contrary to TREC's assertions, which court ultimately renders the payment order is legally irrelevant to the jurisdictional analysis under the plain language of the Occupations Code. Rather, a claimant need only *file* the claim in "the court that entered the judgment" before subject-matter jurisdiction attaches. TEX. OCC.CODE ANN. § 1102.355(a). Here, Trees and Hess properly invoked jurisdiction by filing their indemnity claim in Tarrant County Justice Court No. 2.

Second, while TREC strenuously asserts that the Legislature intended for justice courts to be the only courts that could decide whether TREC must pay inspector malfeasance claims, TREC cites no authority—statutes, case law, legislative history materials, or otherwise—to substantiate its assertion that the justice court's decision was essentially unappealable. Under the Government Code, a county court in this scenario would have derivative appellate jurisdiction to review a justice court decision at trial *de novo. See* TEX.GOV'T CODE ANN. § 26.042(e). The plain language of the Occupations Code provisions TREC cites make no reference to appeals, nor does it contravene the general county court appellate provision of the Government Code. Trees and Hess also note that other similarly-worded provisions of the Occupations Code that require a party to bring suit in "the court that entered the judgment" have not been construed as precluding appellate review. *See Josey v. Tex. Real Estate Comm'n,* 801 S.W.2d 200 (Tex.App.-Houston [1st Dist.] 1990, no writ); *Haney v. Tex. Real Estate Comm'n,* 789 S.W.2d 304 (Tex.App.—Houston [14th Dist.] 1990, writ denied)(appellate court reviewing real estate broker fund reimbursement orders where TEX.OCC.CODE ANN. § 1101.606 (West Supp.2015) states that claim for reimbursement must be filed "in the court that entered the judgment"). In short, nothing about the phrase "in the court that entered the judgment" suggests that appellate review is truncated.

Finally, TREC also argues in its reply brief that if an appeal of the justice court's decision to the county court is possible, then the Occupations Code requires the claimant to re-prove all the elements of their original case again at trial *de novo*, despite having already proved her case and obtaining a final judgment from the justice court at a previous hearing. As with its other argument, TREC cites no authority in support of this contention, but merely asserts that we can infer this procedure exists from the cited provisions of the Occupations Code. We reject this argument. TREC's desire to collaterally attack the justice court's final judgment against Cline by forcing Trees and Hess to re-try their case at a post-judgment enforcement proceeding in county court is wholly unsupported by the text of the Occupations Code.

We decline both of TREC's invitations to write new words into the statute that would insulate judgments rendered in the agency's favor from appellate review. In harmonizing the Government Code and the Occupations Code so they do not conflict, the Court finds nothing that would limit a claimant's right to appeal an adverse justice court decision to the county court in Fund indemnity cases such as this one. Nor does the Occupations Code require a claimant to reprove her case at the enforcement proceeding once she obtains a final judgment against the inspector.

TREC does not contend that the appeal from the justice court order denying the application was otherwise defective, and because we independently confirm the existence of derivative jurisdiction in the county court, our analysis ends there.[1]

The county court had jurisdiction to entertain this suit and render judgment if Appellees were entitled to it.

Issue One is overruled.

### Claims Not Covered by the Fund

In Issue Two, TREC contends that the Occupations Code only permits reimbursement for damages suffered as the result of an inspector's negligence. As such, the county court erred when it ordered that Fund to also pay out Trees and Hess' claims for breach of contract and attorney's fees.

■ We dispose of TREC's attorney's fees point first. Despite TREC's assertions that the award of attorney's fees was improper because Tex.Civ.Prac. & Rem. Code Ann. § 38.001 (West 2015) only allows for attorney's fee awards in breach of contract cases and not negligence claims. However, we note the Occupations Code specifically provides that "[a] person receiving payment from the fund is entitled to reasonable attorney's fees in the amount determined by the court, subject to the limitation prescribed by this section." Tex.Occ.Code Ann. § 1102.359(d)(West 2012). Thus, TREC's assertion that attorney's fees are not authorized by statute is incorrect.

■ TREC also complains that Appellees failed to segregate damages and attorney's fees recoverable for their negligence claim from non-recoverable breach of contract-related damages and attorney's fees.

Trees and Hess' original petition before the justice court pleaded the claim as follows:

---

1. We do not construe this provision of the Occupations Code as a restriction on the otherwise generally applicable right to appeal a justice court order to the county court, therefore, we need not address Trees and Hess' argument that this distinction in how inspector malfeasance claimants are treated from other types of appellants violated the Due Process Clause of the federal constitution. *See* Tex.R.App.P. 44.1.

## BREACH OF CONTRACT/NEGLIGENCE

9. Defendant's failure to identify such defects deprived Plaintiffs of the opportunity to demand repairs of the seller and/or to otherwise factor in such deficiencies into the purchase negotiations. On this basis, Defendant's failure to so identify the above deficiencies deprived Plaintiffs of the true purpose for Defendant's engagement. Plaintiffs accordingly assert Defendant should be held in breach of contract, but alternatively assert he should be found liable for negligence.

The justice court's summary judgment order states, in relevant part:

IT IS ACCORDINGLY ORDERED THAT summary judgment issues in Plaintiffs' favor and against Defendant on all claims Plaintiffs asserted against Defendant in this proceeding, *to wit*, breach of contract and negligence. [Emphasis in orig.].

We agree with TREC that Appellees technically pleaded two separate causes of action: one for breach of contract and one for negligence. However, we believe the distinction TREC seeks to draw is an artificial one based on our reading of the pleadings and on Tex.Occ.Code Ann. § 1102.301. While Appellees did plead causes of action for both breach of contract and negligence, they also alleged that Cline breached his contract with them by acting in a negligent or incompetent manner. In construing pleadings, we look to the content of the cause of action pleaded and not necessarily its form or title. *Cf. Avdeef v. Powers*, No. 05–11–01369–CV, 2012 WL 3115067, at * 1 (Tex.App.—Dallas July 11, 2012, no pet.)(mem.op.)("When determining whether a cause of action exists, we construe the pleadings broadly[.]"). Ultimately, both causes of action assert that Appellees were damaged by Cline's negligent or incompetent actions. Regardless of how Appellees characterized their claims, they are covered under Tex. Occ.Code Ann. § 1102.301. As such, the portion of the judgment awarding damages stands. Further, because it is immaterial under the Occupations Code whether the trial court granted damages as the result of a breach of contract or negligence, segregation of attorney's fees is not required.

We find no basis for reversal of the county court's order. Appellees are entitled to indemnification payments from the Fund pursuant to the terms of the county court order.

Issue Two is overruled.

The judgment of the trial court is affirmed.