# NO. 12-21-00192-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRIAN A. SMALE,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *WOOD COUNTY,* *APPELLEE* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

In this interlocutory appeal, pro se Appellant Brian A. Smale challenges the trial court's granting of the plea to the jurisdiction filed by Appellee, Wood County ("the County").[1] We affirm the trial court's judgment.

### BACKGROUND

Smale filed suit against the County in the Justice Court, Precinct 2, of Wood County, Texas. In his first amended petition in the justice court, Smale pleaded that the cost estimate for the clerk's record he requested for his appeal in another proceeding[2] was "overstated" and included more items than he requested and more items than required by Rule 34.5 of the Texas Rules of Appellate Procedure. In addition, Smale asserted that he had not received a refund for his alleged overpayment for the reporter's record. In his prayer for relief, Smale sought (1) an order compelling the Wood County District Clerk to provide him with an electronic copy of the clerk's record, (2) an order compelling the court reporter to provide a supporting invoice and remit a

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2021) (authorizing interlocutory appeal of an order granting or denying a governmental unit's plea to the jurisdiction).

[2] ***Smale v. Thurman***, No. 12-20-00202-CV, 2021 WL 5115353 (Tex. App.—Tyler Nov. 3, 2021, no pet.) (mem. op.).

refund for the cost of the reporter's record, (3) denial of the County's plea to the jurisdiction, (4) an order granting Smale discovery, (5) court costs, and (6) "other and further relief to which the Plaintiff may be justly entitled, including all necessary writs." The justice court dismissed Smale's claim for lack of subject matter jurisdiction.

Smale appealed the justice court's order dismissing the case to the County Court of Wood County, Texas, and the County filed a plea to the jurisdiction, in which it argued that the justice court lacked jurisdiction to grant injunctive relief and asserted that because the County Court's jurisdiction is derivative of the Justice Court's jurisdiction, the County Court likewise lacked subject matter jurisdiction. The County Court[3] signed an order granting the County's plea to the jurisdiction and dismissing the case. Smale then appealed the County Court's order to this Court.

## SUBJECT MATTER JURISDICTION

In his sole appellate issue, Smale argues that the trial court erred by granting the County's plea to the jurisdiction.

## Standard of Review and Applicable Law

Subject matter jurisdiction is essential to a court's authority to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *Tex. Assoc. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Because subject matter jurisdiction presents a question of law, we review the County Court's ruling on the County's plea to the jurisdiction de novo. *See Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a plea to the jurisdiction, we review the pleadings and any evidence that is relevant to the jurisdictional issue. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001).

The Texas Constitution created justice courts and granted them exclusive original jurisdiction over civil cases in which the amount in controversy is $200 or less. TEX. CONST. art. 5, § 19. In addition to the jurisdiction and powers provided by the Texas Constitution and other law, justice courts have exclusive original jurisdiction of civil cases in which the amount in controversy is not more than $20,000, cases of forcible entry and detainer, and foreclosure of mortgages and enforcement of liens on personal property when the amount in controversy is

---

[3] The County Court judge in this case is the Honorable Rebecca Simpson, sitting by assignment after County Judge Lucy Hebron recused herself.

otherwise within the justice court's jurisdiction.[4]  TEX. GOV'T CODE ANN. § 27.031(a)(1) (West Supp. 2021); *see* TEX. R. CIV. P. 500.3.

Unless expressly authorized by the Legislature, justice courts do not have jurisdiction to issue writs of injunction or mandamus.  ***Bowles v. Angelo***, 188 S.W.2d 691, 693 (Tex. Civ. App.—Galveston 1945, no pet.) (concluding that "if the jurisdiction necessary to relieve against a wrong is not to be found in the specific grants of jurisdiction to the justice [court] or the county court, then it has either been specifically granted to the district court, or conferred upon that court in the grant to it of all residuary jurisdiction."); ***Tex. Soap Mfg. Corp. v. McQueary***, 172 S.W.2d 177, 180 (Tex. Civ. App.—El Paso 1943, no writ) (holding that a justice court "has no jurisdiction to issue writs of injunction"); ***Trustees of Crosby Indep. Sch. Dist. v. West Disinfecting Co.***, 121 S.W.2d 661, 664 (Tex. Civ. App.—Dallas 1938), *writ dism'd*, 135 Tex. 492, 143 S.W.2d 749 (1940) (stating that justice courts "cannot exercise the extraordinary powers of equity jurisdiction in granting injunctions" because "such powers are conferred exclusively on the district courts."); ***Poe v. Ferguson***, 168 S.W. 459, 460 (Tex. Civ. App.—Fort Worth 1914, no writ) (holding that neither "the Constitution or laws" grant justice courts jurisdiction to issue writs of injunction); *see also* TEX. CONST. art. 5, § 8 (providing that district courts have the power to issue writs necessary to enforce their jurisdiction).

## Analysis

A party may appeal a justice court's decision to a county court if the amount in controversy or the judgment exceeds $250, not including costs, and the appeal will be by trial de novo in the county court.  TEX. GOV'T CODE ANN. § 26.042(e) (West Supp. 2021); TEX. R. CIV. P. 506.3, 509.8(e), 510.10(c) (all providing that trial de novo is "a new trial in which the entire case is presented as if there had been no previous trial.").  When a county court is sitting as an appellate court reviewing a justice court's decision, the county court's jurisdiction is derivative of the justice court's jurisdiction.  ***Tex. Real Estate Comm'n (TREC) v. Trees***, 486 S.W.3d 165, 168 (Tex. App.—El Paso 2016, no pet.) (citing ***Murry v. Bank of Am., N.A.***, No. 02-13-00211-CV, 2014 WL 3536577, at *1 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.)).  Therefore, if a justice court lacked jurisdiction, a county court likewise lacks jurisdiction.  ***Color Tile, Inc. v. Ramsey***, 905 S.W.2d 620, 622 (Tex. App.—Houston [14th Dist.] 1995, no writ).

---

[4] Justice courts also have concurrent jurisdiction with municipal courts and district courts in certain other instances that are not applicable in this appeal.  *See* TEX. GOV'T CODE ANN. § 27.031(c), (e) (West Supp. 2021).

As discussed above, in his first amended petition, Smale asked the trial court to compel the Wood County District Clerk to provide him an electronic copy of the clerk's record and to compel the court reporter to provide a supporting invoice and to remit a refund to Smale for the cost of the reporter's record. These requests, by their nature, involve injunctive relief to compel the clerk and the reporter to act in a certain way, and the justice court lacked jurisdiction to grant injunctive relief. *See Trees*, 486 S.W.3d at 168; BLACK'S LAW DICTIONARY 800 (8th ed. 2004) (defining "injunction" as "[a] court order commanding . . . an action" and defining "mandatory injunction as "[a]n injunction that orders an affirmative act or mandates a specified course of conduct."). Because the justice court lacked jurisdiction to grant the injunctive relief Smale requested, the county court likewise lacked jurisdiction over Smale's appeal of the justice court's decision. *See Ramsey*, 905 S.W.2d at 622.

In his brief, Smale argues that the case involves contract law, tort law, "ConTort Doctrine," and unconscionability. However, Smale did not plead said causes of action in his first amended petition. Rather, as discussed above, the substantive relief Smale sought in his live petition was injunctive in nature. *See generally Tarrant Cty. v. McQuary*, 310 S.W.3d 170, 173 (Tex. App.—Fort Worth 2010, pet. denied) (holding that "[t]he pleadings relevant to a review of a plea to the jurisdiction include amended petitions, the plea to the jurisdiction, and responses filed in connection with a defendant's plea to the jurisdiction."). Therefore, the county court did not err by concluding that it lacked subject matter jurisdiction and granting the County's plea to the jurisdiction. *See Trees*, 486 S.W.3d at 168; *Ramsey*, 905 S.W.2d at 622; BLACK'S LAW DICTIONARY 800 (8th ed. 2004). For all these reasons, we overrule issue one.

## DISPOSITION

Having overruled Smale's sole issue, we ***affirm*** the trial court's judgment. All pending motions are ***overruled as moot***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered April 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 29, 2022**

**NO. 12-21-00192-CV**

**BRIAN A. SMALE,**
Appellant
V.
**WOOD COUNTY,**
Appellee

Appeal from the County Court

of Wood County, Texas (Tr.Ct.No. 7466)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **BRIAN A. SMALE**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*