Mary Ann HEALD, Appellant,

v.

TEXAS REAL ESTATE RECOVERY FUND, Appellee.

No. 2–83–202–CV.

Court of Appeals of Texas, Fort Worth.

April 12, 1984.

Yarborough Law Offices, and Charles D. Yarborough, Fort Worth, for appellant.

George Warner, Asst. Atty. Gen., Austin, for appellee.

Before JORDAN, ASHWORTH and HILL, JJ.

## OPINION

JORDAN, Justice.

This case involves the Real Estate Recovery Fund established pursuant to TEX. REV.CIV.STAT.ANN. art. 6573a, The Real Estate License Act, sec. 8 (Vernon Supp. 1984), and specifically the question of whether a licensed real estate agent who commits fraud or some other defalcation included in the acts prohibited under sec. 8 of the Act is covered by sec. 8 when he or she is involved in a partnership only for the purpose of buying and selling real estate owned by the partnership.

Appellant filed an application in a district court for payment from the Real Estate Recovery Fund of the Texas Real Estate Commission of a judgment in the amount of $11,875.00 previously recovered by her in another district court against Betty J. Colvin, a licensed real estate agent.

The trial court denied the application for payment of the Colvin judgment from the Fund for the reason that Betty J. Colvin, on the occasion of the conduct which is the basis of this lawsuit, was not acting as a real estate broker or agent as defined in the Real Estate License Act, TEX.REV. CIV.STAT.ANN. art. 6573a, secs. 2(2) and (4), sec. 8, Part 1(a).

We affirm.

In 1976, Mary Ann Heald, a widow, not a licensed real estate broker, salesperson, or agent, or the unlicensed employee of either, entered into a partnership agreement with Betty J. Colvin, a licensed real estate agent, for the purpose of buying and selling real properties. The properties purchased by the partnership were to be put in the joint names of Heald and Colvin, with any profit upon resale to be divided equally between them.

Colvin did purchase several properties, with money furnished only by Heald, but instead of taking these properties in their joint names, put them in the name of Betty J. Colvin. When the properties were sold, Colvin withheld from Heald her share of the proceeds. When Heald, appellant here, learned of Colvin's fraud, she filed suit against Colvin and obtained a default judgment in the 48th District Court for the sum of $11,875, representing $5,825 actual monetary loss by Heald, $1,300 in attorney's fees, and $4,750 exemplary damages. Appellant then, after complying with all the requirements of sec. 8, Part 3(a) and (b) of the Real Estate License Act, filed this verified claim against the Texas Real Estate Commission for payment from the Real Estate Recovery Fund of the sum of $7,125, the actual loss suffered by appellant. She did not sue for recovery of the exemplary damages, as she would not have been entitled to it. *Pace v. State*, 650 S.W.2d 64 (Tex.1983).

It was appellant's position in the trial court, and still is on this appeal, that her partner, Betty J. Colvin, in defrauding her and depriving her of her investment as well as of any profits from the sale of partnership real estate purchased by Colvin, was acting as a licensed real estate agent and was at all times pertinent acting and performing in the scope of activity which constitutes a broker or salesman as defined by the Act. Heald contends that in entering into this partnership agreement with Colvin, she was relying on Colvin's knowledge and experience in the real estate business and that she, appellant, took no active part in the purchase or sale of the partnership real estate.

The trial court in its order denying payment from the Recovery Fund, specifically found that the defendant in the underlying cause, Betty J. Colvin, was acting in her

individual capacity in a partnership with plaintiff Heald which was established to buy and sell real estate for profits to be divided equally between the two partners Heald and Colvin, and was not performing an act within the scope of activity constituting a broker or salesman as defined by the Real Estate License Act in this partnership.

The trial court also filed Findings of Fact and Conclusions of Law, holding basically that Heald was not an aggrieved person under the Real Estate License Act, TEX. REV.CIV.STAT.ANN. art. 6573a, sec. 8, Part 1(a) and that Colvin in breaching her partnership agreement with Heald performed no act in the scope of activity constituting a broker or salesman as defined in sec. 2(2) of the Act. The court also concluded as a matter of law that Colvin did not act as a real estate agent for Heald in the partnership and that Colvin was not required to be licensed as a real estate agent to act as a principal for her own account in the partnership.

■ The trial court's Findings of Fact are not challenged on appeal and are therefore binding on us. *Katz v. Rodriguez,* 563 S.W.2d 627 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Muller v. Nelson, Sherrod & Carter,* 563 S.W.2d 697 (Tex.Civ.App.—Fort Worth 1978, no writ). Findings by a trial court sitting without a jury have the same force and dignity as a jury verdict upon special issues and, when supported by competent evidence, will not be disturbed on appeal unless they are so against the overwhelming weight of the evidence as to be clearly and manifestly wrong. *Lone Star Gas Co. v. Howard Corp.,* 556 S.W.2d 372 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e., 568 S.W.2d 129). It is fundamental in a non-jury trial that the fact findings of the court must be upheld by this court if there is more than a scintilla of evidence in support thereof. Moreover, in testing these findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. *Stedman v.*

*Georgetown S. & L. Ass'n,* 595 S.W.2d 486 (Tex.1979).

■ Section 8, Part 1(a) of the Act specifically required, at the time involved in this case, that the conduct of the licensee giving rise to the damages sought by the claimant must have been an act or acts performed *"in the scope of activity which constitutes a broker or salesman"* as defined in the Act. (Emphasis added.) That particular language was deleted from this section of the Act by amendment effective August 29, 1983. An examination of the sections of the Act defining "real estate broker" and "real estate salesman", art. 6573a, secs. 2(2) and (4), when viewed in the light of this record, reveal that Betty Colvin, in breaching the partnership agreement to split the proceeds of the sale of partnership property, was not acting within the scope of activity constituting her a real estate broker or agent.

Quite simply, the facts in this case indicate that two individuals, one of whom happened to be licensed as a real estate agent, entered into a partnership agreement by which each was to act in her individual capacity in the pursuit of profits from the purchase and sale of real property. Appellant Heald provided funds to be invested in the real property purchased on behalf of the partnership. Colvin was to locate the real property to be purchased, and in doing so she acted in her individual capacity as a principal, not as a real estate agent. She did not act as a real estate agent for any other person in this partnership, but only in her individual capacity as a principal in the partnership formed specifically to profit from real estate transactions. Put another way, no license was required by either Heald or Colvin in their partnership activities. Texas law does not require individuals who seek to join forces in an economic endeavor to profit from the purchase and sale of real property to obtain real estate licenses. The Real Estate License Act simply does not cover the acts of an individual licensee who performs as Colvin did in this transaction.

Accordingly, all of appellant's six points of error which complain basically of the conclusions of law in denying her recovery from the Fund, are overruled.

The judgment of the trial court is affirmed.