## TEXAS REAL ESTATE COMMISSION, Appellant,

v.

**Wesley M. NAGLE, Independent Executor of the Estate of Martha A. Neal, Deceased, Mary Elizabeth Ricks Nagle, Individually, W. Wesley Nagle, Individually, and Elizabeth Cameron Nagle, Individually, Appellees.**

No. 08–87–00016–CV.

Court of Appeals of Texas, El Paso.

Oct. 14, 1987.

Rehearing Denied Nov. 10, 1987.

Jim Mattox, Atty. Gen., George Warner, Asst. Atty. Gen., Austin, for appellant.

Larry W. Hicks, Marc H. Robert, Larry W. Hicks & Associates, El Paso, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment of $50,000.00 against the Real Estate Recovery Fund of the Texas Real Estate Commission. We affirm.

The original defendant, Fontaine Graham, was a licensed real estate broker. She was appointed independent coexecutrix of the estate of Martha A. Neal. The descendents of Martha A. Neal obtained a judgment of $112,797.16 on April 7, 1986, for malfeasance, breach of fiduciary duty, misrepresentations and dishonest conduct. The trial court ruled the Real Estate Recovery Fund to be liable for $50,000.00.

Tex.Rev.Civ.Stat.Ann. art. 6573a, sec. 8, part 1(a) (Vernon Supp.1987), provides for a fund to reimburse persons who suffered damages from acts of a duly licensed real estate broker where ordered by a court of competent jurisdiction.

The trial court found that Fontaine Graham maintained dual capacity as a real estate broker and exclusive leasing and sales agent of the estate and as coexecutrix of the estate. When acting as a real estate broker and exclusive sales and leasing agent, she was acting under contractual authority with the estate, and not acting under the authority of the will or trust instrument of the estate.

It is Appellant's position that the language of Tex.Rev.Civ.Stat.Ann. art. 6573a, sec. 3, to wit: "and each and all of the following persons and transactions are hereby exempted from ... this Act [and thereby recovery from the fund], to wit: ... (d) a person acting officially as a ... trustee, ... executor, ...; (e) a person acting under a court order ...," totally eclipses the role of real estate broker and prevents recovery from the fund.

*Elin v. Neal,* 720 S.W.2d 224 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) is cited. A case against an attorney was exempted under sec. 3(a) of the Real Estate License Act, which exemption reads: "(a) an attorney at law licensed in this state or any other state." There was no dual role involved. Further, the language exempts attorneys unqualifiedly with no inclusion of the word "acting."

*Heald v. Texas Real Estate Recovery Fund,* 669 S.W.2d 179 (Tex.App.—Fort Worth 1984, no writ), is cited. This is a "dual role" case in which a defrauding partner of a real estate business was also a licensed broker. The trier of fact found the defrauding partner acted in her individual capacity as a partner and not as a licensed real estate broker. In the case before us, the trial court found the defrauder acted in a dual capacity, and when acting as a real estate broker and leasing agent, was not acting under the authority of the will or trust instrument of the estate.

The purpose of the statute is to eliminate or reduce fraud that might be occasioned on the public by unlicensed, unscrupulous or unqualified persons. *Henry S. Miller Company v. Treo Enterprises,* 585 S.W.2d 674 (Tex.1979). A statute that is conducive to public good should be liberally construed to effect that purpose. *Board of Ins. Com'rs. v. Great Southern Life Ins. Co.,* 150 Tex. 258, 239 S.W.2d 803 (1951). We believe the article would not exempt any acts done by Graham while acting as a broker. Point of Error No. One is overruled.

Appellant claims noncompliance with the prerequisite matters set forth in Tex.Rev.Civ.Stat.Ann. art. 6573a, sec. 8, part 3(c). All of the elements were submitted to the trial court with a request that they be judicially noted. There was no objection from the Appellant. Objections must be made at the time of offering or they are waived. Rule 103, Tex.R.Evid.; *City of Austin v. Avenue Corporation,* 685 S.W.2d 453 (Tex.App.—Austin 1985), rev'd on other grounds, 704 S.W.2d 11 (Tex. 1986); *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559 (Tex.1981).

In the matter of judicial notice, provision is made for a delayed request to be heard on the propriety of taking judicial notice where there was no prior notification. Rule 201(e), Tex.R.Evid. This was never done.

In oral argument, Appellant alluded to the fact that the trial court never stated in the record it actually would or did take judicial notice of the prerequisite facts. However, the matters were used and referred to in argument by the attorneys as if in evidence and were considered by the court in rendering final judgment. They therefore were in evidence. *Pickering v. First Greenville National Bank*, 479 S.W. 2d 76 (Tex.Civ.App.—Dallas 1972, no writ). Point of Error No. Two is overruled.

Point of Error No. Three asserts error by the trial court in concluding the claim was not unjust or spurious. We find the claim within the purpose of the Act. This point is overruled.

The trial court's judgment declared the claims to arise out of numerous transactions, thereby increasing the liability of the fund to $50,000.00. The findings of fact and conclusions of law substantiated this by enumerating the damages ensuing from the various transactions.

The judgment of the trial court is affirmed.