**TEXAS REAL ESTATE COMMISSION, Petitioner,**

v.

**Wesley M. NAGLE, Independent Executor of the Estate of Martha A. Neal, Deceased, et al., Respondents.**

No. C–7100.

Supreme Court of Texas.

March 8, 1989.

Rehearing Denied April 12, 1989.

Jim Mattox, Atty. Gen., George Arlon Warner, Asst. Atty. Gen., Austin, for petitioner.

Larry W. Hicks and Marc H. Robert, Hicks & Associates, El Paso, for respondents.

ON MOTION FOR REHEARING

RAY, Justice.

We grant the petitioner's motion for rehearing. Our former opinion and judgment of October 12, 1988, are withdrawn and the following opinion is substituted.

The Texas Real Estate Commission appeals from a judgment in favor of Wesley Nagle, independent executor of the estate of Martha Neal, deceased, awarding payment out of the real estate recovery fund, a fund established to reimburse aggrieved persons damaged by certain acts of licensed real estate brokers or salesmen or their agents. The principal issue before us concerns the nature of proof required to show entitlement to an order directing payment out of the fund. More specifically, the issue is whether the commission, whose duty it is to administer the fund, is bound by the findings of fact made in the original action between the plaintiff, estate, and the defendant, real estate broker. The court of appeals has held that the commission waived any complaint regarding the evidence supporting the estate's claim to reimbursement from the fund because the commission did not specifically object to the estate's request that the trial court take judicial notice of its prior findings from the original action between the estate and broker. 740 S.W.2d 37. We reverse the judgment of the court of appeals because the

commission did object and because, even absent an objection, there is not evidence establishing the essential elements of the estate's claim against the real estate recovery fund.

The Texas Real Estate Commission is charged with the administration and enforcement of "The Real Estate License Act." Tex.Rev.Civ.Stat.Ann. art. 6573a et seq. (Vernon Supp.1989). Section 8 of this act directs the commission to establish a real estate recovery fund. *Id.* § 8, part 1(a). The purpose for this fund is to reimburse persons who have been damaged by certain acts of a real estate broker or salesman, but who cannot collect their damages from the broker.

A person who has a judgment against a real estate broker which is uncollectable may file a verified claim in the court in which the judgment was rendered and, upon notice to the commission and the judgment debtor, apply for an order directing payment out of the fund. *Id.* § 8, part 3(b). A hearing is then conducted on the application at which the commission is authorized to appear for the limited purpose of protecting "the fund from spurious or unjust claims...." *Id.* § 8, part 5. At this hearing, the claimant must show, among other things, that its prior judgment is against a licensed real estate broker who caused the claimant's damages while acting as a broker. *Id.* § 8, part 1(a) and part 3(c). Generally, the damages must relate to the broker's dishonest conduct. The Act defines "real estate broker" and then provides a laundry list of broker violations. *Id.* §§ 2(2) and 15(6).

The estate initiated the original litigation by filing suit against Fontaine Graham. Graham had served as independent co-executrix of the estate for over twenty years until her removal in 1984. During this same period Graham was a licensed real estate broker. Following a bench trial, the trial court rendered judgment against Graham in the amount of $112,797.16.

When the judgment against Graham proved uncollectable, the estate served written notice on the Texas Real Estate Commission of its intent to obtain a court order directing payment out of the real estate recovery fund. The attorney general, on behalf of the commission, answered and denied that the fund was liable, because Graham was acting in her capacity as executrix, rather than as a licensed real estate broker, when she defrauded the estate. The act exempts from its provisions certain persons and transactions. *Id.* § 3. The commission's defense to the estate's claim for reimbursement from the fund was premised on two exemptions in the act. *Id.* § 3(d) ("a person acting officially as a receiver, trustee, administrator, executor, or guardian") and § 3(e) ("a person acting under a court order or under the authority of a will or a written trust instrument").

The trial court conducted a hearing on the estate's application for payment from the fund, but no evidence was taken. Instead, the parties argued over the application of the act to Graham, who was both a licensed real estate broker and an executrix. The parties also argued over the propriety of the court binding the commission to the findings of fact made in the original action between the estate and Graham. The estate asked the court to take judicial notice of its prior findings. The commission objected to this, asserting that it should not be bound by the prior findings because the commission had not been a party to the original litigation and had not had an opportunity to contest the material issues.

During the hearing, the trial court did not expressly rule on the estate's request for judicial notice, but at the conclusion of the hearing the court did grant the estate's application. The order signed by the judge directed the commission to pay the estate $50,000, the maximum allowable under the act. *Id.* § 8, part 8(d). The commission thereafter requested the trial court to file findings of fact and conclusions of law. In complying with this request, the trial court essentially adopted its findings and conclusions from the original proceeding.

The commission appealed, complaining that the trial court had erred by not requiring the estate to produce evidence that it was entitled to recover from the fund. The court of appeals disagreed and affirmed the judgment of the trial court, concluding that it was entirely proper for the trial

court to support its order by taking judicial notice of its prior findings of fact. The commission argues here that the court of appeals has erred in affirming the order of payment from the fund because there is no evidence in the record substantiating the estate's claim. We agree.

■ The error committed in this cause is the treatment of previous findings of fact and conclusions of law in the original action between the estate and Graham as evidence at the subsequent hearing between the estate and the fund. A court may take judicial notice of its own records and judgments, but the use to which such records may be put is circumscribed by the doctrines of res judicata and collateral estoppel. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 763 (1942); *Nolan v. Bettis*, 577 S.W.2d 551 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.); *Barnett v. Maida*, 523 S.W.2d 325 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.).

■ Although not expressly acknowledged, the court of appeals has applied the doctrine of collateral estoppel to preclude the commission from litigating certain issues. Collateral estoppel bars relitigation of an issue of fact actually litigated and essential to the judgment in a prior action between the parties. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984); Restatement (Second) of Judgments, § 27 (1982). The initial obstacle to applying collateral estoppel here is that the commission was not a party to the original litigation. Because the commission did not participate in the prior litigation, it was the estate's burden to show that Graham represented the commission's interests before the estate could benefit from collateral estoppel.

■ In the past we have discussed this requirement in terms of privity. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex.1971). Privity does not exist merely when persons are interested in the same question, but requires an identity of interest in the legal right actually litigated. *Id.* at 363. What identity of interest then do Graham and the commission share in the present case?

■ The estate argues that the statute itself binds the commission to the findings made in the earlier trial. In this regard our attention is directed to section 8, part 5 of the act, which provides:

> When the real estate commission receives notice of entry of a final judgment and a hearing is scheduled under Part 3(d) of this section, the commission may notify the Attorney General of Texas of its desire to enter an appearance, file a response, appear at the court hearing, defend the action, or take whatever other action it deems appropriate on behalf of, and in the name of, the defendant, and take recourse through any appropriate method of review on behalf of, and in the name of, the defendant. In taking such action the real estate commission and the attorney general shall act only to protect the fund from spurious or unjust claims or to insure compliance with the requirements for recovery under this section.

Tex.Rev.Civ.Stat.Ann. art. 6573a, § 8, part 5 (Vernon Supp.1989). The estate emphasizes the language "on behalf of, and in the name of, the defendant," arguing that the commission is not a new defendant, but instead stands in the shoes of Graham. In essence, the estate argues that the statute creates privity. We disagree.

The purpose of this language is merely to confer standing on the commission to intervene in the original action if that course can best accomplish the commission's purpose—"to protect the fund from spurious or unjust claims or to insure compliance with the requirements for recovery under (the act)." *Id.*, § 8, part 5. In other words, the commission has standing to directly attack the judgment. If the possibility for appeal from the original judgment against the broker still exists, the commission is authorized to pursue such appeal "on behalf of, and in the name of, the defendant." Because the aggrieved person must first obtain a final judgment against a broker or salesman which cannot be collected, perfect a judgment lien, file a verified claim in court, and then give the commission twenty days written notice prior to applying for payment from the fund, seldom will direct intervention be possible.

The commission ordinarily will be relegated to a post-judgment hearing. *Id.,* § 8, part 3(b). At this hearing, the aggrieved person must, among other things, show that "the judgment is based on facts allowing recovery under [the act] ..." *Id.,* § 8, part 3(c)(1).

The commission is charged with the responsibility of administering the fund for the purpose of "reimbursing aggrieved persons" and of protecting "the fund from spurious or unjust claims." *Id.,* § 8, part 1(a), part 5. It is unclear how the commission is to fulfill its responsibilities under the act, if it is bound by findings made in litigation to which it was not a party and at which it had no duty or opportunity to appear. Graham did not represent the interests of the commission at the trial of the estate's original claims, and it is unreasonable to interpret the act to create an identity of interest between the defendant broker and the commission.

■ In an ordinary adversarial proceeding the failure of a party bearing the burden of proof to carry that burden by the presentation of evidence would result in a rendition of judgment against that party. This, however, is not an ordinary adversarial proceeding. The commission is not concerned with protecting the fund against all claims, only against spurious and unjust ones. Recovery against the fund may be warranted if the estate can prove that it was defrauded by Graham while she was acting as a real estate broker. It is in the interest of justice to remand this cause to the trial court to give the estate an opportunity to develop its proof. *See Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972); Tex. R.App.P. 180.

The judgment of the court of appeals is reversed because the findings of fact and conclusions of law from the previous litigation are not evidence and do not obligate the commission to make payment from the real estate recovery fund. The cause is remanded to the trial court for further proceedings.

MAUZY, J., dissents on rehearing joined by SPEARS, J.

HIGHTOWER, J., not sitting.

MAUZY, Justice, dissenting on rehearing.

I respectfully dissent.

The Commission complains it should not be bound by the findings from the previous lawsuit, since it was not a defendant during that trial and had no opportunity to contest the evidence upon which the trial court's findings were based.

Contrary to the court's interpretation, the language of section 8, part 5 of the Act simply provides for the Texas Real Estate Commission to assume the defendant's position for the limited purpose of application for payment from the recovery fund. Tex. Rev.Civ.Stat.Ann. art. 6573a, § 8, pt. 5 (Vernon Supp.1989). Thus, I would hold that the statute creates privity between the Commission and Graham and the Commission is bound by the findings made at the earlier trial. To hold otherwise allows the Commission to circumvent the purpose of the Act—to protect citizens of the State of Texas from harm resulting from proscribed acts by real estate brokers. Not only does this allow the purpose of the Act to be circumvented, but the goal of judicial economy is thwarted as well.

For the above reasons, I dissent.

SPEARS, J., joins in this dissent.