Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-09-00703-CV

Nevin **MARR**,
Appellant

v.

Scott **FAGLIE**,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. 7993
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Chief Justice
             Sandee Bryan Marion, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: September 22, 2010

AFFIRMED

Nevin Marr appeals a take nothing judgment rendered after a jury trial. We affirm the take nothing judgment.

## GENERAL BACKGROUND

In 2001, Marr filed suit against Faglie and three other defendants for assault and battery. One of the other defendants, Bobbie Burger, did not file an answer, and Marr filed a motion to sever his claims against Burger into a separate lawsuit. The motion was granted. After the severance, Marr

obtained a default judgment against Burger. The default judgment recited that by failing to appear, Burger admitted liability, that Marr's actual damages were $41,003.24, and that Burger was thirty percent responsible for Marr's injuries.

Marr's claim against Faglie was tried in 2009. The jury found in favor of Marr on liability, but did not award any actual damages. However, the jury found Faglie acted with malice and awarded exemplary damages. Faglie filed a motion to disregard the jury's award of exemplary damages because the award was not supported by a finding of actual damages as required by section 41.004(a) of the Texas Civil Practices and Remedy Code. The trial court granted the motion and rendered a take nothing judgment. Marr appeals.

**DISCUSSION**

Marr contends the trial court erred in disregarding the jury's verdict on exemplary damages. Marr acknowledges that recovery of actual damages is a prerequisite to the receipt of exemplary damages. TEX. CIV. PRAC. & REM. CODE 41.004(a) (West 2008). However, he argues the statutory requirement of actual damages means any damages awarded "in the context of the overall case." Marr claims he is entitled to the exemplary damages because the default judgment against Burger awarded actual damages. We disagree.

Faglie was not a party to the severed cause in which the default judgment was taken. As a general rule "people are not bound by a judgment in a suit to which they were not parties." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). For a prior judgment to have binding effect against another party there must be privity among the parties. *Id*. Privity does not exist merely because persons are interested in the same question; rather, it requires identity of interest. *Texas Real Estate Com'n v. Nagle*, 767 S.W.2d 691, 694 (Tex. 1989). "People can be in privity in at least three

ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt*, 919 S.W.2d at 653. There is no evidence in the record to support a finding of privity under any of theses theories. Faglie was not a party to the severed case; nor is there evidence he received notice of the default judgment hearing. Faglie did not have a full and fair opportunity to litigate the issue of Marr's actual damages in the severed suit. Therefore, the findings in the default judgment can not be the basis of actual damages against him. *See Tarter v. Metropolitan Sav. & L. Ass'n*, 744 S.W.2d 926, 927 (Tex. 1988).

Alternatively, Marr contends he is entitled to a new trial because the trial court erred in excluding his medical cost evidence. Marr did not bring forward a reporter's record of the trial evidence, objections of counsel, and the trial court's rulings on the objections. Rather, he filed only the exhibits introduced at trial. Although Marr contends that he has brought forth a sufficient record of the trial proceedings, we disagree. To preserve error, the record must show that appellant made a timely request, objection, or motion, and that the trial court ruled on it. TEX. R. APP. P. 33.1. Without an offer of proof, reviewing courts cannot determine whether the exclusion of evidence was harmful. *Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 335 (Tex. App.—Dallas 2008, no pet.). Moreover, to succeed on a claim that the trial court erred in admitting or excluding evidence, the complaining party is required "to show that the judgment turns on the particular evidence admitted or excluded." *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). It was Marr's burden to bring forward a sufficient record to show the trial court's error. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). Marr failed to bring forward a record demonstrating

an error in the exclusion of the medical cost evidence. *See* TEX. R. APP. P. 34.6; *City of Brownsville*, 897 S.W.2d at 753.


Steven C. Hilbig, Justice