

# Fourth Court of Appeals
## San Antonio, Texas

December 9, 2016

No. 04-16-00460-CV

Jason **CAMPBELL**,
Appellant/Cross-Appellee

v.

Ben **LUONG**,
Appellee/ Cross-Appellant

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-10868
Honorable Solomon Casseb, III, Judge Presiding

# O R D E R

In the underlying real estate lawsuit, the trial court's Amended Order Granting Final Judgment awarded damages to Ben Luong, who is the appellee and cross-appellant in this appeal. Appellant's brief has not been filed; it is due on January 6, 2017. On December 5, 2016, Luong, who is representing himself, moved this court to allow him to supplement the record and to extend the time to file his brief.

As Luong's motion indicates, "any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." *See* TEX. R. APP. P. 34.5. Luong may supplement the appellate record in accordance with the Rules without this court's permission.

Luong also states he has filed a claim for payment from the Real Estate Recovery Trust Account, but the Texas Real Estate Commission indicated to him "it intends to re-litigate the reasonableness of the attorney's fees in a hearing to be setup in the trial court" because the Commission was not a party to the underlying suit when the amended judgment was signed. *See* TEX. OCC. CODE ANN. §§ 1101.601, .606 (West Supp. 2016); *Tex. Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 694–95 (Tex. 1989). Luong asserts the trial court will hear the same issues that are central to this appeal, the proceedings have not yet taken place, and this court's judicial resources would be conserved by extending his brief's due date until the trial court proceedings have concluded and the appellate record has been supplemented.

In the interest of conserving judicial resources and minimizing the parties' expenses in protecting their interests in this matter, and acting *sua sponte*, we ABATE this appeal pending the resolution of Luong's claim for payment from the Real Estate Recovery Trust Account in the trial court. *See* TEX. OCC. CODE ANN. §§ 1101.606, .607; *Nagle*, 767 S.W.2d at 694–95.

We ORDER Appellee/Cross-Appellant Ben Luong to file with this court within THIRTY DAYS of the date of this order, and at least monthly thereafter, a written statement of the status of the proceedings in the trial court on his claim for payment from the Real Estate Recovery Trust Account. Each monthly report must include at a minimum the date and description of all documents filed in the trial court, the trial court's actions, if any, in response to those filings, and any decisions reached by the trial court.

If Appellee/Cross-Appellant fails to diligently pursue a decision in the matter of his claim for payment from the trust account, or if other circumstances require, this court may reinstate this appeal on this court's docket. Assuming Appellee/Cross-Appellant diligently pursues a decision from the trial court, after the trial court addresses the trust account payment claim, this court will issue an appropriate order.

If any party is opposed to this court abating this appeal as ordered, the party must file a response in writing with this court within TEN DAYS of the date of this order.

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of December, 2016.

_____
Keith E. Hottle
Clerk of Court