**AFFIRM; and Opinion Filed May 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00702-CV
_____

**PHILIPS JACOB VALLAKALIL AND REEJA SUSAN PHILIPS, Appellants**

**V.**

**TEXAS REAL ESTATE COMMISSION, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-10734**

# MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Pedersen, III

This is an appeal from a trial court's order denying appellants' recovery from the Real

Estate Recovery Trust Account maintained by the Texas Real Estate Commission. We affirm.

### Background

Appellants, Philips Jacob Vallakalil and Reeja Susan Philips, owned a plot of land on

which they wanted to build a house. In early 2016, appellants met Jeremy Eric Larsen (Larsen).

According to appellants, Larsen introduced himself as a real estate agent with experience in

planning, designing, estimating, bidding, financing, and constructing homes. In April 2016,

appellants entered into a contract with Jeremy Larsen Homes, L.L.C. (LLC) for the construction

of a new house on their property. The contract is titled New Home Construction Contract, Fixed

Price.  The contract names Larsen as the contractor's representative; Larsen signed the contract as Managing Member of LLC.

The construction project experienced numerous problems and delays.  Finally, on August 27, 2017, appellants filed suit against LLC for breach of contract, breach of the duty of good faith and fair dealing, negligence, and violations of the Deceptive Trade Practices Act (DTPA).  Two days later, LLC filed its petition for Chapter 7 bankruptcy protection.  In November 2017, appellants amended their petition to add Larsen individually as a defendant, alleging that Larsen was personally liable for the conduct of LLC that caused appellants' damages.  They asserted additional claims, including claims for fraudulent inducement/statutory fraud, civil conspiracy, and unjust enrichment.  They also filed a partial nonsuit, dismissing their claims against LLC only.  When Larsen failed to file an answer to appellants' amended petition, they filed a motion for default judgment against Larsen only.  On December 28, 2017, the trial court signed a final default judgment against Larsen, awarding appellants $603,453.00 in actual damages, $7,500.00 in attorneys' fees, costs and expenses of $2,726.00, and post-judgment interest.  On January 12, 2018, Larsen filed his petition for Chapter 7 bankruptcy protection.

Appellants filed a proof of claim in Larsen's bankruptcy proceedings.  Unable to collect on their judgment, they filed an application for an order directing payment from the Real Estate Recovery Trust Account (RTA).  The Texas Real Estate Commission (Commission) opposed appellants' request for relief on the basis that Larsen was not acting in his capacity as a real estate licensee when he committed the acts made the basis of appellants' claims.  Following a hearing of appellants' application, the trial court found in favor of the Commission and denied appellants' application.  Appellants now appeal the trial court's order.

**Discussion**

Appellants raise two issues on appeal, arguing that the trial court erred by (1) denying their application for payment from the RTA, and (2) refusing to find that appellants were entitled to the statutory maximum of $100,000 from the RTA.

The Commission is charged with administration and enforcement of the Real Estate License Act. TEX. OCC. CODE ANN. § 1101.151(a)(1). Subchapter M of the act directs the Commission to establish a fund, the RTA, to reimburse aggrieved persons who suffer actual damages caused by an act described in § 1101.652(a–1)(1) or (b), committed by a real estate license holder. *See* TEX. OCC. CODE ANN. §§ 1101.601(a)(1), 1101.652(a–1), (b); *see also Tex. Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 693 (Tex. 1989). Section 1101.652 contains a long list of actions for which real estate licensees may be disciplined or have their license suspended or revoked. The RTA compensates persons who are unable to collect from a real estate licensee for judgment awards based on these specified types of wrongdoing. TEX. OCC. CODE ANN. § 1101.606(a); *see also Nagle*, 767 S.W.2d at 693 ("A person who has a judgment against a real estate broker which is uncollectable may file a verified claim in the court in which the judgment was rendered and, upon notice to the commission and the judgment debtor, apply for an order directing payment out of the fund."). Generally, the claimant's damages must relate to the licensee's dishonest conduct. *Nagle*, 767 S.W.2d at 693.

If the Commission does not agree that a claimant's application meets these statutory requirements, a hearing may be scheduled. TEX. OCC. CODE ANN. § 1101.608. The Commission may appear to protect the RTA from spurious or unjust claims or to ensure compliance with statutory requirements for recovery. *Id*. § 1101.608(b). At the hearing, the claimant must show, among other things, that its prior judgment is against a licensed real estate broker who caused claimant's damages while acting as a broker. *Id*. §§ 1101.601(a), 1101.607(1). Here, the parties

–3–

agree that Larsen maintained a real estate license during the relevant time period. They do not agree that Larsen's individual actions caused appellants to suffer damages or that Larsen was acting in the capacity of a real estate broker when he committed the complained-of acts.

This presents a question of statutory construction, which we review de novo. *Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 131 (Tex. 2018); *see Wilson v. Bloys*, 169 S.W.3d 364, 368 (Tex. App.—Austin 2005, pet. denied). When interpreting a statute, our primary task is to ascertain and effectuate the intent of the legislature. TEX. GOV'T CODE ANN. § 312.005; *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). When a statute is clear and unambiguous, we are to enforce the plain meaning of the statute. *Wilson*, 169 S.W.3d at 368. Further, we read every word, phrase, and expression in a statute as if it were deliberately chosen and presume the words excluded from the statute are done so purposefully. *Tex. Real Estate Comm'n v. Bucurenciu*, 352 S.W.3d 828, 831 (Tex. App.—San Antonio 2011, no pet.).

The mere fact that Larsen had a real estate license does not entitle appellants to reimbursement from the RTA. Appellants were required to show that Larsen caused their damages *while acting as a real estate broker*. *See Bucurenciu*, 352 S.W.3d at 831–32 (real estate licensee engaged in financing or mortgage brokering was not engaged in real estate brokerage services so aggrieved client could not recover from RTA). In their first amended application for reimbursement, appellants asserted that their judgment against Larsen was based on facts showing that he engaged in fraud or misrepresentation in violation of Sections 1101.652(a-1)(1) or 1101.652(b) of the Texas Occupations Code. During the hearing, appellants argued that Larsen engaged in this fraud and misrepresentation in his capacity as a real estate broker and not as a contractor, stating "in addition to being a constructor or constructing the home itself, he did planning, designing, estimating, bidding, financing, and constructing the home." The court questioned this assertion, noting that appellants' pleadings alleged improper construction, not

wrongful activities as a broker. Indeed, appellants' motion for default judgment alleged that "[p]er the terms of the contract, Larsen was obligated to reimburse Plaintiff these costs as a consequence of Larsen's construction mistakes, delays, failure and refusal to perform his obligation to complete the construction under the contract." The trial court then asked appellants what factual circumstances gave rise to their claim that Larsen was acting in his capacity as a real estate broker. They repeated that it was because Larsen represented himself as a real estate agent.

Appellants argued that the facts in their case were similar to the facts in *Texas Real Estate Commission v. Rodriguez*, No. 04-09-00681-CV, 2010 WL 2403721 (Tex. App.—San Antonio June 16, 2010, pet. denied), in which the Rodriguezes already owned the plot of land on which they wanted to build a house. The Rodriguezes met Carol Kilby, a real estate agent, who found a builder, negotiated the price to build the home, arranged for financing and handled the closing. Reasoning that "real estate" included not only the land but also any improvement erected upon it, the *Rodriguez* court determined that Kilby was involved in the sale and her activities "aided . . . in locating or obtaining for purchase . . . real estate." *Rodriguez*, 2010 WL 2403721, at *2. The court concluded that Kilby's actions fell within statutory parameters and held the RTA liable. *Id*. at *3.

In *Rodriguez*, the licensee was engaged in acts defined as real estate brokerage. Here, in contrast to the *Rodriguez* case, there are no allegations and no evidence to support a claim that Larsen ever acted as a real estate broker in any of his dealings with the appellants. Appellants contend that all actions taken by Larsen were taken pursuant to the contract, but the only contract between the parties was the new home construction contract. At the hearing, appellants argued that according to the construction contract, Larsen's activities in planning, designing, estimating, bidding, financing, and constructing the home were all activities performed in his capacity as a real estate agent. However, the statement that Larsen was acting as a real estate broker is a conclusory statement unsupported by the evidence, and in fact, is contradicted by the evidence.

–5–

The construction contract designates LLC as "Builder" or "Contractor," and Larsen as the Contractor's representative, and describes the tasks that will be performed by the Builder or Contractor. The contract specifically refers to some of these activities, i.e., designing, constructing and selling the completed house, as duties to be performed by the Builder. The contract contains no mention of any tasks to be performed by a real estate agent or broker.

The legislature has made it clear that construction activities are not included in the definition of real estate brokerage services. Section 1101.004(b) provides: "[a] person is not engaged in real estate brokerage, regardless of whether the person is licensed under this chapter, based solely on engaging in the following activities: (1) constructing, remodeling, or repairing a home or other building." TEX. OCC. CODE ANN. § 1101.004(b)(1). Although appellants urge that some of Larsen's activities were not construction activities, they do not provide any evidence or authority to support their argument that such activities were real estate brokerage services. Accordingly, we conclude that Larsen was not acting in the capacity of a real estate broker. *See Bucurenciu*, 352 S.W.3d at 831–32.

Because appellants were not aggrieved by the actions of someone acting in the capacity of a real estate broker, they are not entitled to recovery from RTA. Appellants' first issue is overruled.

In their second issue, appellants assert that the trial court erred by refusing to find that appellants were entitled to the statutory maximum of $100,000 from the RTA. In light of our conclusion that appellants are not entitled to recovery from the RTA, we need not reach their second issue.

## Conclusion

We affirm the judgment of the trial court.

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE

180702F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHILIPS JACOB VALLAKALIL AND
REEJA SUSAN PHILIPS, Appellants

No. 05-18-00702-CV          V.

TEXAS REAL ESTATE COMMISSION,
Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-10734.
Opinion delivered by Justice Pedersen, III.
Justices Whitehill and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee TEXAS REAL ESTATE COMMISSION recover its costs
of this appeal from appellants PHILIPS JACOB VALLAKALIL AND REEJA SUSAN
PHILIPS.

Judgment entered this 24th day of May, 2019.