**Reversed and Rendered and Opinion Filed December 3, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01293-CV**

**TEXAS REAL ESTATE COMMISSION, Appellant**
**V.**
**RICKY TORRES AND AMY TORRES, Appellees**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-00429-2016**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Miskel

The Texas Real Estate Commission appeals the trial court's memorandum and order directing payment in the amount of $50,000 to Ricky Torres and Amy Torres from the real estate recovery trust account (the trust account) after they obtained a final judgment against a licensed real estate agent for violations of the Texas Deceptive Trade Practices Act (DTPA). In two issues, the Commission argues that the Torreses were not entitled to have their damages and attorney fees paid out of the trust account because: (1) the trial court erred when it misconstrued the Texas Supreme Court's emergency COVID orders and overruled the Commission's

affirmative defense of waiver under § 1101.606(b) of the Real Estate License Act;[1] and (2) the evidence is legally insufficient to support the trial court's order for payment because, during the hearing, the Torreses presented no evidence to support their claim. We conclude the evidence is legally insufficient to support the trial court's order for payment. We reverse the trial court's memorandum and order directing payment, and we render an order that the Torreses take nothing on their application and claim for payment from the trust account.

## I. Procedural Background

On March 11, 2019, the Torreses obtained a final judgment in their case against, among others, Allison Waters, a license holder under the Real Estate License Act. In that judgment, the trial court found against Allison Waters on the Torreses' claims for violations of the DTPA, statutory fraud, and common law fraud.[2] With respect to Waters, they were awarded $20,899.43 in actual damages, $41,798.86 in treble damages under the DTPA, attorney's fees, and pre- and post-judgment interest.

On June 24, 2020, the Torreses filed an unverified application alleging a claim under the Real Estate License Act seeking an order directing payment from the trust

---

[1] *See* TEX. OCC. CODE ANN. § 1101.001 (chapter 1101 may be cited as "The Real Estate License Act").

[2] The final judgment dismissed the Torreses' claims against Tom Flood, Debbie Flood, Paragon Capital Ventures, LLC, Jerry Dufloth, Ted Jorgensen, TNT Foundation Repair, and Randall Turner. It also confirmed an agreed judgment between the Torreses and Harvard Management Company awarding the Torreses $10,000 in damages and attorney's fees. Further, it confirmed the default judgment against Thomas W. Keiss, P.E., as to liability.

–2–

account.  After receiving notice, the Commission filed a response and objection to the Torreses' claim alleging they failed to meet their burden to establish the facts required to obtain payment from the trust account.  The Commission also asserted the affirmative defense of waiver alleging that the Torreses had failed to obtain a hearing before the first anniversary of their application date.

In September 2022, after a non-evidentiary hearing, the trial judge signed a memorandum and order "overruling" the Commission's "objection" based on the one-year waiver rule and directing payment to the Torreses in the amount of $50,000, the maximum payment allowed at the time under the Real Estate License Act.[3]

## II.     The Torres's Evidence Was Legally Insufficient to Support Recovery from the Trust Account

In issue two, the Commission argues the evidence is legally insufficient to support the trial court's order for payment because, during the hearing, the Torreses presented no evidence to support their claim as required by the Real Estate License Act.  It contends that the Torreses failed to meet their burden to present evidence of the elements required under § 1101.607.  Further, it argues that the documents attached to the Torreses' application and included in the clerk's record on appeal were not introduced into evidence during the hearing, so they cannot support the trial court's order for payment.

---

[3] Act of June 1, 2003, 77th Leg., R.S., ch. 1421, 2001 Tex. Sess. Law Serv. (amended 2024) (current version at TEX. OCC. CODE ANN. § 1101.610).

The Torreses respond that their application included supporting evidence and the Commission failed to object when the trial judge stated that he had reviewed everything in the file and the underlying case record. They contend that none of the § 1101.607 requirements they had to demonstrate were in dispute and each was well-established by the record. Further, they claim there is nothing in the Real Estate License Act that requires an evidentiary hearing because it is a claim arising from a trial; the trial judge only needs to consider the record before it. In addition, the Torreses argue that, although the Commission had the right to relitigate any material or relevant issues that were determined in the underlying judgment, it did not do so.

## A. Standard of Review

An appellate court reviews an application for reimbursement from the trust account as if it were a nonjury trial. *See Wilson v. Bloys*, No. 03-05-00529-CV, 2006 WL 1649324, at *2 (Tex. App.—Austin June 16, 2006, no pet.) (mem. op.). If the trial judge does not sign findings of fact and conclusions of law, an appellate court will imply all necessary findings and conclusions to support the order. *See id.* When the appellate record includes the reporter's record, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *See Sheetz v. Slaughter*, 503 S.W.3d 495, 502 (Tex. App.—Dallas 2016, no pet.).

When an appellant challenges the legal sufficiency of an adverse finding on which it did not have the burden of proof at trial, it must demonstrate there is no

evidence to support the adverse finding. *See Bradford Place Apartments v. Rawlings*, No. 05-22-01298-CV, 2024 WL 3897464, at *3 (Tex. App.—Dallas Aug. 22, 2024, no pet.) (mem. op.). In order to prevail on a no-evidence challenge, the record must reveal: (1) an absence of evidence of an essential fact; (2) that rules of law or of evidence prohibit the court from crediting the only evidence supporting a vital fact; (3) there is no more than a mere scintilla of evidence to prove a crucial fact; or (4) the evidence conclusively establishes the opposite of a critical fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810–11 (Tex. 2005); *Texas Real Estate Comm'n v. Asgari*, 402 S.W.3d 814, 816 (Tex. App.—San Antonio 2013, no pet.); *Wilson*, 2006 WL 1649324, at *2. Reviewing courts must credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *City of Keller*, 168 S.W.3d at 827; *Asgari*, 402 S.W.3d at 816; *Wilson*, 2006 WL 1649324, at *2.

The trial court's conclusions of law, express or implied, are reviewed de novo. *See Asgari*, 402 S.W.3d at 816. An appellate court is not bound by the trial court's legal conclusions, but conclusions of law will be upheld on appeal if the order can be sustained on any legal theory supported by the evidence. *See Sheetz*, 503 S.W.3d at 502.

Since the hearing was a nonjury matter, the Commission was not required to preserve its legal-sufficiency complaint by objection or motion for new trial. *See* TEX. R. CIV. P. 324; TEX. R. APP. P. 33.1(d).

## B.      Applicable Law

The Commission is charged with administration and enforcement of the Real Estate License Act.   TEX. OCC. CODE ANN. § 1101.151(a)(1); *Vallakalil v. Texas Real Estate Comm'n*, No. 05-18-00702-CV, 2019 WL 2266663, at *1 (Tex. App.— Dallas May 24, 2019, pet. denied) (mem. op.).   Section 1101.601 requires the Commission to maintain a trust account to reimburse an aggrieved person who suffers actual damages caused by certain acts committed by a license holder.  *See* OCC. § 1101.601.  An aggrieved person is entitled to reimbursement from the trust account if a license holder engages in conduct that requires a license and is described by § 1101.652(a-1) or (b).  *See id.* § 1101.602.  Section 1101.652 contains a long list of actions for which real estate licensees may be disciplined or have their license suspended or revoked.  *Id.* § 1101.652; *Vallakalil*, 2019 WL 2266663, at *1.

Under the Act, an aggrieved person who obtains a trial court judgment against a license holder for an act described by § 1101.602 may file a verified claim in the trial court that entered the judgment after final judgment is entered, execution returned *nulla bona*,[4] and a judgment lien perfected.  *See* OCC. § 1101.606(a).  An action for a judgment that may result in an order for payment from the trust account may not be brought after the second anniversary of the date the cause of action accrues.   *Id.* § 1101.605(a); *see also Texas Real Estate Comm'n v. Bayless*,

---

[4] In Latin, "nulla bona" means "no goods." *Nulla bona*, BLACK'S LAW DICTIONARY (12th ed. 2024). It refers to "[a] form of return by a sheriff or constable upon an execution when the judgment debtor has no seizable property within the jurisdiction." *Id.*

–6–

366 S.W.3d 808, 809 (Tex. App.—Fort Worth 2012, pet. denied) (analyzing § 1101.605(a) as a limitations period), TEX. R. CIV. P. 94 (listing statute of limitations as affirmative defense).

More than twenty days after giving written notice of the claim to the Commission and the judgment debtor, the aggrieved person may apply to the trial court that entered the judgment for an order for payment from the trust account of the amount unpaid on the judgment. *See* OCC. § 1101.606(b). When the Commission receives notice that someone has filed a verified claim, the Commission may agree to all or part of the claim without a hearing; the aggrieved person and the Commission may attempt to reach a prehearing settlement of the claim. *See id.* §§ 1101.606(b), 1101.608(a). However, if the Commission and the aggrieved person do not reach a settlement or the Commission does not agree that the claim meets one or more of the requirements, the Commission may notify the attorney general that it desires to schedule a hearing, enter an appearance, file a response, appear at the hearing, defend the action, or take any other action the Commission considers appropriate. *Id.* § 1101.608(a). The Commission and the attorney general may only act (1) to protect the trust account from spurious or unjust claims, or (2) to ensure compliance with the requirements for recovery. *Id.* § 1101.608(b). Nevertheless, if the aggrieved person does not schedule a hearing before the first anniversary of the date the application was filed, recovery is waived. *Id.* § 1101.606(b); *see also* TEX. R. CIV. P. 94 (listing waiver as affirmative defense).

At the hearing, the aggrieved person must show:

(1) that the judgment is based on facts allowing recovery;

(2) that the person is not the spouse of the judgment debtor or the personal representative of the spouse, a license or certificate holder seeking to recover compensation in the real estate transaction that is the subject of the application, or related to the judgment debtor within the first degree of consanguinity;

(3) that, according to the best information available, the judgment debtor does not have sufficient attachable assets in this or another state to satisfy the judgment;

(4) the amount that may be realized from the sale of the assets liable to be sold or applied to satisfy the judgment; and

(5) the balance remaining due on the judgment after application of the amount realized from the sale of the assets.

*See* Occ. § 1101.607; *Texas Real Estate Comm'n v. Murphy*, No. 02-22-00199-CV, 2023 WL 2926411, at *6 (Tex. App.—Fort Worth Apr. 13, 2023, pet. denied) (mem. op.) (noting that, under § 1101.607, applicant must show at hearing, among other things, that judgment was based on facts allowing recovery); *Vallakalil*, 2019 WL 2266663, at *2 (noting that, at hearing, applicant must show, among other things, its prior judgment is against licensed real estate broker who caused applicant's damages while acting as broker); *see also* Occ. § 1101.611 (aggrieved person who receives recovery on judgment against single defendant before receiving payment from trust account must first apply recovery to actual damages). During the hearing, the Commission may relitigate any material and relevant issues that were determined in the action that resulted in the judgment in favor of the aggrieved person. Occ. § 1101.608(c).

The trial court shall order the Commission to pay from the trust account that amount the trial court finds payable on the claim, if at the hearing, the trial court is satisfied (1) of the truth of each matter the aggrieved person is required to show under § 1101.607, and (2) that the aggrieved person has satisfied each requirement of § 1101.606 and § 1101.607. *Id.* § 1101.609.

## C. There Is No Evidence to Support the Trial Court's Order Directing Payment

Because the trial judge did not make findings of fact and conclusions of law, and the record contains the reporter's and clerk's records, we construe the Commission's argument as challenging the following implied findings of fact:

- The underlying judgment is based on facts allowing recovery from the trust account.

- Neither of the Torreses are the spouse of Waters or the personal representative of the spouse, a license or certificate holder seeking to recover compensation in the real estate transaction that is the subject of the application, or related to Waters within the first degree of consanguinity.

- According to the best information available, Waters does not have sufficient attachable assets in this or another state to satisfy the judgment.

- There is no amount that may be realized from the sale of Waters's assets liable to be sold or applied to satisfy the judgment.

- The balance remaining due on the underlying judgment after application of any amount realized from the sale of Waters's assets is $20,899.43 in actual damages and $34,366.06 in attorney's fees for a total of $62,254.49.

- Each matter the Torreses were required to show under § 1101.607 is true.

–9–

- The Torreses satisfied each requirement of § 1101.606 and § 1101.607.

Section 1101.607 of the Real Estate License Act sets out the issues to be determined during the hearing and places the burden of proof on the Torreses as the aggrieved parties. *See* Occ. § 1101.607. The Commission's right to relitigate the issues from the underlying case does not alter the list of issues in § 1101.607 that the Torreses had the affirmative burden to show at the hearing. *Compare* Occ. § 1101.607 *with* Occ. § 1101.608(c). The trial court was authorized to order the Commission to pay from the trust account the amount it found payable on the Torreses' claim if, at the hearing, the trial court was satisfied (1) of the truth of each matter the Torreses were required by § 1101.607 to show, and (2) that the Torreses satisfied each requirement of §§ 1101.606 and 1101.607. *See id.* § 1101.609. These statutory provisions suggest that the Torreses were required to produce evidence in support of their application and claim. *See also Vallakalil*, 2019 WL 226663, at *3 (noting the applicants did not provide any evidence or authority showing that the judgment was based on services covered by the Act). However, at the beginning of the hearing, the trial judge asked the parties whether it was an evidentiary hearing or just argument and counsel for the Torreses requested only, "Argument." No evidence was offered or admitted.

The record shows that the Torreses filed an unverified application and claim. *See* Occ. § 1101.606(a) (aggrieved person may file verified claim). Although the Torreses' unverified application and claim allege the required elements, pleadings

–10–

generally do not qualify as evidence, even if verified. *See Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 818 (Tex. 2021) (discussing summary judgment). However, even if we accepted the Torreses's argument that there is nothing in the Real Estate License Act that requires an evidentiary hearing and construe the Torreses' application as similar to a summary-judgment motion, the application does not satisfy the Torreses' statutory burden. Attached to their application were the following documents:

(1) an email from Waters's attorney in the underlying proceeding stating that the firm had withdrawn from the case long ago, had received a copy of the writ of execution, and informed the Torreses' attorney that it was their understanding Waters had died but they did not have a death certificate;

(2) a printout from Thompson Reuters identifying that "Allison E. Waters" had died;

(3) a copy of the final judgment from the underlying proceeding, but not the interlocutory summary-judgment order against Waters that it confirms;

(4) a copy of the undelivered writ of execution from the underlying proceeding; and

(5) a verified abstract of judgment from the underlying proceeding.

These documents do not satisfy the Torreses' burden to show the elements required by § 1101.607. *See* Occ. § 1101.607.

First, the attached final judgment from the underlying proceeding does not show that the license holder committed an act described by the statute or otherwise indicate that it was based on facts allowing recovery. *See id.* §§ 1101.602, 1101.652(a-1), (b), 1101.607(1). Instead, the final judgment merely confirms an

interlocutory summary-judgment order against Waters. We note that the summary-judgment order against Waters was included in a supplemental clerk's record on appeal, but it was not attached to the Torreses' unverified application and claim or introduced into evidence during the hearing.

Second, the documents attached to the Torreses' claim do not show that the Torreses are not license or certificate holders seeking to recover compensation in the real estate transaction that is the subject of the application, or related to Waters within the first degree of consanguinity. *See id.* § 1101.607(2). No affidavits were attached to the Torreses' application and neither of the Torreses testified during the hearing.

Third, the documents attached to the Torreses' application do not show that, according to the best information available, Waters does not have sufficient attachable assets in this or another state to satisfy the judgment. *See id.* § 1101.607(3). The Torreses attached an undelivered writ of execution, but the Act requires that the aggrieved person cannot file a claim until after execution is returned *nulla bona*. *Id*. § 1101.606(a). Neither the application nor the record reflects that the Torreses proved the writ of execution was returned *nulla bona*. Further, in their application and claim, the Torreses alleged that Waters had died but attached only an email from Waters's former attorney stating that it was his understanding that Waters had died and a printout from Thompson Reuters indicating that a person by the name of "Allison E. Waters" died on March 17, 2019. Nothing connected the

–12–

person listed in the Thompson Reuters printout to the Waters against whom the underlying judgment was obtained. Also, no affidavit or other evidence or authority showed that, according to the best information available to the Torreses, there were insufficient assets in Waters's estate—in this or another state—to satisfy the judgment, that the judgment could not be collected from Waters's estate, or that the damages could not be collected from any professional liability insurance that Waters may have had.

Fourth, neither the application nor the record contains evidence showing the balance remaining due on the judgment after the amount realized from the sale or application of assets.[5] *See* OCC. §§ 1101.607(5), .611.

In their response, the Torreses contend that the record shows the trial judge considered all of the pleadings and evidence in the underlying lawsuit. In support of their argument, they point to the beginning of the hearing when the trial judge, who was not the trial judge who had heard the underlying proceeding, stated, "Well, I've read everything that's in the file so far." Generally, pleadings and affidavits

---

[5] The trial court's memorandum and order directing payment states in part, "The declaration of Amy Torres states that $75,000 was paid by the non-realtor defendants toward these damages." The order appears to be referencing a declaration attached as an exhibit to the Torreses' motion for summary judgment in the underlying proceeding. That motion was included in a supplemental clerk's record on appeal but was not attached to the Torreses' unverified application and claim for payment from the trust account. In that declaration, Amy Torres stated, "Over the course of this litigation, I was able to settle with Defendants Tom and Debbie Flood, Jerry Dufloth, Paragon Capital Ventures, LLC, and Harvard Management Company LLC in the total amount of $75,000.00" and then lists the damages she incurred relating to the property. We note that the trial court's final judgment in the underlying proceeding states that the Torreses' claims against Tom Flood, Debbie Flood, Paragon Capital Ventures, LLC, and Jerry Dufloth were dismissed, not settled.

–13–

filed with the court cannot be considered as evidence unless they are admitted into evidence. *See, e.g., Tex. Health Res. v. Pham*, No. 05-15-01283-CV, 2016 WL 4205732, at *7 (Tex. App.—Dallas Aug. 3, 2016, no pet.) (mem. op.). And documents attached to pleadings are not evidence. *See, e.g., Gruber v. CACV of Colo., LLC*, No. 05-07-00379-CV, 2008 WL 867459, at *2 (Tex. App.-Dallas Apr. 2, 2008, no pet.) (mem. op.). The Torreses also point to later statements by the trial judge indicating he was aware of the underlying proceedings resulting in the final judgment, including when the trial judge stated, "I'm familiar with that affidavit you're talking about." But the trial judge's familiarity with the underlying lawsuit is not a substitute for evidence of the elements the Torreses were required to prove under § 1101.607. A court taking judicial notice of the contents of its file does not elevate those averments into proof. *See Gruber*, 2008 WL 867459, at *2. A trial court may not take judicial notice of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file, nor may it take the pleadings to be true, absent testimony, other proof, or admissions by the other party. *See, e.g., O'Donnell v. Vargo*, No. 05-14-00404-CV, 2015 WL 4722459, at *4 (Tex. App.—Dallas Aug. 10, 2015, no pet.) (mem. op.); *Gruber*, 2008 WL 867459, at *2. Further, the record does not show that the trial judge took judicial notice of its record and, even if it had, it would not constitute evidence obligating the Commission to make payment from the trust account. *See Texas Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 694 (Tex. 1989) (holding that trial court erred

in treating previous findings of fact and conclusions of law from underlying action as evidence at subsequent hearing between the aggrieved person and Commission).

Accordingly, we conclude there is no evidence to support the trial court's order directing payment from the trust account. As a result, the trial court erred when it impliedly concluded the Torreses were entitled to have their damages and attorney's fees paid out of the trust account and ordered that the Torreses be paid $50,000 from it.

Issue two is decided in the Commission's favor. Based on our resolution of issue two, we need not decide issue one.

## III.   Conclusion

The evidence is legally insufficient to support the trial court's memorandum and order directing payment.

We reverse the trial court's memorandum and order directing payment.

We render an order that the Torreses take nothing on their application for an ordering directing payment from the trust account. *See Bayless*, 366 S.W.3d at 816.

221293f.p05

/Emily Miskel/
EMILY A. MISKEL
JUSTICE

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS REAL ESTATE
COMMISSION, Appellant

No. 05-22-01293-CV     V.

RICKY TORRES AND AMY
TORRES, Appellees

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-00429-
2016.
Opinion delivered by Justice Miskel.
Justices Goldstein and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED** that:

The Torreses take nothing on their application for an ordering directing payment from the real estate recovery trust account.

It is **ORDERED** that appellant TEXAS REAL ESTATE COMMISSION recover its costs of this appeal from appellees RICKY TORRES AND AMY TORRES.

Judgment entered this 3rd day of December, 2024.